# CASES

IN THE

# SUPERIOR COURT

OF

# PENNSYLVANIA.

---

## Elmer J. Kunsman *v.* Lehigh Valley Railroad Company, Appellant.

*Negligence—Connecting railroads using common yard—Coemployees.*

A railroad company is liable where its employees negligently injure an employee of another company engaged in the service of his company in a railroad yard which is used in common by both companies. The Act of April 4, 1868, P. L. 68, as to coemployees, does not apply in such case. Vannatta v. Railroad Co., 154 Pa. 263, followed.

In a railroad yard, subject to the joint use of the defendant and three other railroad companies, a car inspector, in the employ of the Central Railroad of New Jersey, while occupied under one of the cars of that company on one of the shifting tracks of the yard, was injured by reason of the negligent handling of a Lehigh Valley train which was backed on to the track, and against the car which was being inspected by plaintiff, in disregard of a flag signal duly planted to protect the car; such flag being the signal recognized by and known to the defendant company and its employees.

Argued Dec. 6, 1898. Appeal, No. 90, Oct. T., 1898, by defendant, from judgment of C. P. Northampton Co., June T., 1896, No. 73, on verdict for plaintiff. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass. Before SCHUYLER, P. J.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff for $450. Defendant appealed.

*Error assigned* among others was refusal of binding instructions for defendant.

*William Fackenthall*, for appellant.—The use of a railroad track, except at public crossings, is exclusively for the company and its employees: Philadelphia & Read. R. Co. v. Hummell, 44 Pa. 375; Cauley v. Railway, 95 Pa. 398.

But what right had the Central Railroad Company's car in the North Penn. yard? So far as the testimony discloses, none.

Or, if the car was there rightfully, what right had the Central Railroad Company to send a man there to fix it? So far as the testimony discloses, none.

It does not appear that the plaintiff was injured by any negligent act of omission or commission on the part of the Lehigh Valley Railroad, its agents or employees. The burden is on the plaintiff of proving negligence affirmatively.

What, we may ask, was the negligent act of omission or commission on the part of the Lehigh Valley Railroad, its agents or employees? It can be gathered from the testimony that the Philadelphia and Reading Railroad Company and the Lehigh Valley Railroad Company are connecting common carriers, at South Bethlehem, and that on the day the plaintiff below was injured the Lehigh Valley Railroad Company delivered a train consisting of thirteen gondola coal cars to the Philadelphia and Reading Railroad Company at that place.

Does the testimony disclose that the Lehigh Valley Railroad Company, its agents or employees, were guilty of any negligent act of omission or commission in the delivering of these cars?

There is nothing in the testimony to show how this delivery was made, when or where the cars were turned over to the Philadelphia and Reading Railroad Company, whether the accident of the plaintiff below happened before, during or after the delivery, whether the cars which came in contact with the car under which the plaintiff below was at work were in charge of the employees of either the Philadelphia and Reading Railroad Company, or whether it was started by some mischance, by

tramps, or by rioters, or in any other way. It is a matter of conjecture pure and simple as to how it happened.

*John D. Hoffman*, for appellee.—It is undisputed that plaintiff was a car inspector for the Central Railroad Company of New Jersey and as such was employed at the time of the accident in the yards of the North Pennsylvania Railroad Company in South Bethlehem, Pa., which were leased by the Philadelphia and Reading Railroad Company for a period of 990 years, and had been so employed continuously for a period of one year and four months immediately prior to this accident in these very yards.

It is undisputed that the cars upon which the plaintiff was working belonged to the Central Railway Company; that they had been in the yards when the accident occurred some two or three days before the accident and that the Central Railroad Company had a right to have its cars in the yard of the Philadelphia and Reading Railroad Company. We fail to comprehend, therefore, how the rightfulness of the plaintiff's presence on these premises can be contested. It was the duty of the railroad company to make and promulgate rules such as are given in their rule books or ones substantially as efficient for the protection of the car inspectors: Dana v. Railroad Co., 92 N. Y. 639. And any disregard of such duty might have subjected them to an action for damages. Decisions might be multiplied but to no good purpose since our Supreme Court has within recent years decided a case of like points that arise in this. Vannatta v. Railroad Co., 154 Pa. 262, controls this case.

OPINION BY ORLADY, J., March 23, 1899:

The plaintiff, a car inspector in the employ of the Central Railroad of New Jersey, received injuries while at work in repairing a car of his employer in the North Penna. yards at South Bethlehem, at which place three other railroad companies had junction and connecting tracks that were used for making up trains, and the transfer and repair of cars. On the day of the accident the plaintiff and a fellow workman were engaged in raising the draw-head of a car which was standing on track No. 6, which track can be entered only by means of a switch connection with the Philadelphia & Reading Railroad. The

character of his work required that the plaintiff and his associate should be under the broken car, and, before they began their work, one of them secured, in an upright position, a blue flag between the rails of track No. 6, about sixty yards from the end of the car, and in the direction of the switch connecting that track with those of the Philadelphia & Reading Railroad Company. The Central Railroad of New Jersey, the Philadelphia & Reading Railroad; and the defendant company had adopted, and had in use at the time, a rule prescribing the significance and manner of use of the blue flag, as follows : " A blue flag by day and a blue light by night placed on the end of a car denote that car inspectors are at work under or about the car or train. The car or train thus protected must not be coupled to, or moved, until the blue signal is removed by the car inspectors. When a car or train standing on a siding is protected by a blue signal, other cars must not be placed in front of it so that the blue signal will be obscured, without first notifying the car inspectors, that he may protect himself."

Joseph D. Ruple, a witness in behalf of the plaintiff, testified that he was a freight train conductor of the defendant company, and had moved a train of thirteen large gondola cars of the defendant on to track No. 6, and forced them against the cars of the Central Company under which the plaintiff was working, and this act was the immediate cause of plaintiff's injuries. The yardmaster of the Philadelphia & Reading Railroad Company testified, in substance, that the cars about which the plaintiff was working were rightfully on track No. 6, and that the blue flag rule had been so modified by the employees of all the railroads using the yard — with the assent of their superiors — " That the general practice at that time with all the car inspectors was to place it on the track between the rails in front of the cars, at no specified distance," and that this practice had continued for a period of over ten years, and was as effective a use of the flag as by placing it on the end of a car. The defendant offered no testimony, and moved for a nonsuit, which was refused, and a verdict was returned in favor of the plaintiff for $450. On this appeal the single question is raised as to whether, under the evidence, the court should have directed a verdict for the defendant. The whole evidence shows, with reasonable clearness and certainty, that the tracks in the

North Penna. yards were used by the several contracting roads with a full knowledge of the meaning of the blue flag signal, and that the cars of the Central Railroad of New Jersey were at an authorized location. The blue flag had the same meaning whether it was on the end of a car, or, in accordance with the custom of the car inspectors, placed between the rails in front of it. It indicated that car inspectors were at work under or about the car or train, and it was a direction that the car or train thus protected must not be coupled to or moved until the blue signal had been removed by the car inspectors. In defiance of this notice the train of thirteen gondola cars, under the control of the Lehigh Valley Railroad crew, entered upon this track in broad daylight, ran over the well-known signal, broke it to the ground, and drove the train against the Central Railroad car,—sixty yards distant from the signal — so as to cause the plaintiff's injuries.

The trial judge fairly submitted the whole case to the jury, viz: "If the defendant had notice, I care not in what form or in what way, at the time the defendant's employees backed in the car, if they did back in the car, that the car ran into was being inspected and the defendant disregarded this notice, such conduct would amount to negligence. If the flag placed where it was, was as effectual in giving notice to the incoming train of the Lehigh Valley R. R. Co. as it would have been if it had been placed on the end of the car, and if the flag thus placed was in accordance with the custom of the yard, and if in accordance with the flag being placed where the Lehigh Valley R. R. Co., or the crew that was in charge of that train had knowledge that an inspection was going on in the car or under the car which the train ran into, then that would be notice to the Lehigh Valley R. R. Co., and if they disregarded the notice they would be guilty of negligence." Under the authority of Vannatta v. Cent. R. R. of N. J., 154 Pa. 262, the Act of April 4, 1868, P. L. 58, does not apply to this plaintiff, and the judgment is affirmed.