## Fitzwater, Appellant, *v.* Fassett.

*Landlord and tenant—Negligence—Burial of infected horse in leased premises.*

The mere granting of permission by a landlord to a stranger to bury a dead horse in leased land, is not negligence in itself. If the horse is infected, and this fact is not known to the landlord, and if the landlord does not receive any benefit or compensation for the permission granted, and has no part in the burial and gives no directions concerning it, he cannot be held liable by the tenant for the loss of cattle infected with disease by the dead horse.

Argued March 19, 1901. Appeal, No. 68, Jan. T., 1901, by plaintiff, from order of C. P. Bradford County, Dec. T., 1899, No. 254, refusing to take off nonsuit, in case of Matt Fitzwater

v. T. M. Fassett.    Before McCollum, C. J., Mitchell, Fell, Mestrezat and Potter, JJ.    Affirmed.

Trespass to recover damages for loss of cattle.    Before Dunham, P. J., specially presiding.

At the trial it appeared that plaintiff claimed to recover damages for the loss of four cows which had become infected with disease from a dead horse which the plaintiff's landlord permitted a stranger to bury in the leased premises.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was the order of the court.

J. W. *Stone*, of *Stone & Brooks* and *W. J. Young*, with them *Charles L. Fellows*, for appellant.—Where an act is wrongful in itself, or the going upon land is primarily a trespass, it matters not that the trespassers do not intend or foresee, the great damage that actually accrues : 3 Sedgwick on Damages (8th ed.), sec. 929 ; 1 Addison on Torts (Banks & Bros.' ed.), *12 ; Keller v. Stoltz, 71 Pa. 356 ; 2 Thompson on Negligence, 1085, sec. 2 ; Barnum v. Vandusen, 16 Conn. 200 ; Anderson v. Buckton, 1 Strange, 192 ; Lee v. Burk, 15 Ill. Appellate Ct. 651 ; McCloskey v. Powell, 123 Pa. 62.

*E. B. Parsons*, with him *Henry C. McCormick, Seth T. McCormick, W. C. Sechrist* and *Albert Morgan*, for appellee.—The contention of the appellee is that he cannot under the evidence in the case be held responsible as a trespasser for the loss of appellant's cows because a mere permission to bury a dead horse on the leased land was given by him, even if the result, as appellant contends, was the communication of the disease by the horse to the cows, because the loss was not the usual and probable consequence of the act : Robinson v. Vaughton, 8 Carr & Payne, 252 ; 1 Waterman on Trespass, p. 67 ; 1 Jaggard on Torts, p. 211 ; Heitzman v. Divil, 11 Pa. 264 ; Thomas v. Winchester, 6 N. Y. 381 ; Ryan v. N. Y. Cent. R. R. Co., 35 N. Y. 210 ; Wood v. Penna. R. R. Co., 177 Pa. 306 ; McGrew v. Stone, 53 Pa. 436 ; Fairbanks v. Kerr, 70 Pa. 86 ; Hoag v. Lake Shore, etc., R. R. Co., 85 Pa. 293.

OPINION BY MR. JUSTICE POTTER, May 27, 1901:

The appellee in this case was the owner of certain lands in Canton township, Bradford County, Pa.

These lands were leased to the appellant, Fitzwater, and in June, 1899, were used as pasturage for cattle.

At the request of a wandering stranger, on or about June 15, 1899, the appellee, Fassett, granted permission to bury in the pasture, a dead horse, which had died on an adjoining school house lot. The appellee had no part in the burial, and gave no directions concerning it, nor had he any knowledge, that the horse had any infectious disease. The horse was taken into the pasture by the stranger and others in his employ, and buried. Appellant's cows were pasturing upon the lands at the time, and afterwards they became affected with anthrax, supposed to have come from the horse, and four of the cows died.

Upon the trial, at the close of plaintiff's evidence, the court below directed a compulsory nonsuit. The refusal to take off this nonsuit is assigned for error. The appellee maintains that as under the evidence, he did nothing more than give his consent to bury the horse upon the leased land, he cannot therefore be held as a trespasser. We think his contention is correct. The distinction seems to be borne out by the authorities.

In the case of Robinson v. Vaughton and Southwick, 8 Carr. & Payne, 252, the court says: "The only real question is whether, Mr. Vaughton was authorized and ordered by Mr. Southwick to commit this trespass, or whether Mr. Southwick merely said, 'I will permit you,' or 'You may go if you like.' If he was authorized and ordered by Mr. Southwick to go there, they are joint trespassers, but if he was only permitted or had leave and license from Southwick, they are not." This was an action of trespass by the tenant against the landlord, as in this case.

And in 1 Waterman on Trespass, pp. 67, 68 : "If A gave B leave to go into a field in which A has no right, and B goes there, this will not make A liable as a co-trespasser with B."

And again in 1 Jaggard on Torts, p. 211 : "But a person who merely gives leave for a tort to be committed is said not to be a joint tort-feasor. If the trespasser was authorized and

ordered by me to go there, we are joint tort-feasors; but if I only permitted him, as he had my leave and license, though I had no right, yet we are not joint tort-feasors."

In Heitzman v. Bastian Divil, William Speese and John Speese, 11 Pa. 264, the plaintiff was the purchaser of the property of Divil by a judicial sale. The property being a stack of grain was hauled by Divil with the team of Speese to the barn of the latter and thrashed. It was proved that the plaintiff asked Speese to let him take the grain away from his barn, who replied that " he could not let him do so; it did not belong to him, but to Divil." Plaintiff asked Speese if he harbored the grain. He said he did; it was his own barn, and he could harbor anybody's grain he pleased. With regard to the liability of the defendant, Speese, the court charged thus:

" William and John Speese stand in a different situation, and if they did no more than allow Bastian the privilege of thrashing the grain out at their barn, and even loaned him horses and wagons to haul it there, it would not implicate them as trespassers; it is what one neighbor may certainly do for another." This was assigned for error, and this court said the law was correctly stated as to William and John Speese.

It will be remembered that in the present case, the appellee was the owner of the land in question, it being leased for the year, to the appellant. So that the consent of the owner might properly be sought, in addition to that of the lessee.

The action of the appellee amounting to nothing more than consent, and not extending to directing or procuring the trespass upon the rights of the appellant, this case is not in line with those, where a trespass was ordered or procured by persons who were therefore held liable with those actually committing it.

Neither does it appear that the appellee, Fassett, was interested in the transaction in any way, or that he received any benefit or compensation for the permission granted.

Another most important rule of law is, that the damages for which a party is to be held liable, are those only which are the natural or necessary consequences of his act. It cannot be pretended that the mere granting of permission to bury a dead horse, was negligence in itself. The damages claimed by the

appellant resulted from the fact of the horse being diseased which was unknown to appellee.

The injury was, therefore, not the natural and ordinary result of the act, to which consent was given, and the giving of consent cannot under such circumstances be held to be the proximate cause of the injury. The rule is thus laid down in 1 Jaggard on Torts, p. 374:

" But it is generally held that in order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances."

And the rule as thus stated, was adopted by this court in Wood v. Penna. R. R. Co., 177 Pa. 310.

We think that under all the evidence, in this case, the nonsuit was properly entered.

The judgment is affirmed.