# APRIL TERM, 1906

CASE 62.—ACTION BY JOSEPH N. SYDNOR BY NEXT FRIEND
AGAINST CHRISTINE ARNOLD AND OTHERS FOR
DAMAGES FOR PERSONAL INJURIES.—April 11.

## Sydnor, &c., v. Arnold. &c.

| 122 | 557 |
|-----|-----|
| e135 | 811 |

| 122 | 557 |
|-----|-----|
| 137 | 630 |
| f137 | 632 |

Appeal from Kenton Circuit Court.

W. McD. Shaw, Circuit Judge.

Judgment for defendants. Plaintiffs appeal.
Reversed.

1. Action for Personal Injury—Piling Lumber Near a Street—
Damage to One on Sidewalk—Proxmiate Cause of Injury—
Where a boy nine years of age was injured by the falling of
a pile of lumber on him, which was piled near the sidewalk
on which he was at the time, and was knocked down by a
passing wagon. Held: If the conduct of the owner of the
lumber in piling it at the place in the manner it was piled
and in permitting it to remain in that positon was not the
proximate cause of the injury to apellant he can not recover.
If the injury is traceable to the negligent and careless man-
ner in which the lumber was piled, although the immediate
cause of the accident was running the wagon against the
lumber the appellant may recover.

2. First Wrongdoer—Liability—It is immaterial how many others
have been in fault if the act of the first wrongdoer was the
efficient cause of the injury such wrongdoer is liable for the
injury.

3. Remote—Negligence—Ordinary Prudence—The rule is well
settled that to fix the liability upon a person for remote
negligence the injury complained of must be one that under
all the circumstances might have been reasonably forseen
or anticipated by a person of ordinary prudence to be the
natural and probable consequences of the first negligent or
wrongful act.

Snydor, &c., v. Arnold, &c.

4. Peremptory Instructions—Submission to Jury—Where there is evidence tending to establish a matter in issue, the court should not grant a peremptory instruction, but the case should be submitted to the jury under proper instructions.

B. F. GRAZIANI, attorney for appellant.

## AUTHORITIES CITED.

Banks v. Co. of Henderson, 24 Ky. Law Rep., 1560; Fugate v. City of Somerset, 97 Ky., 53; Antonio Pastene v. Wm. J. Adams, etc., 49 Cal. p. 87; Louisville Gas Co. v. Gutenkuntz, 82 Ky., p. 432; Whiteman-McNamara Tobacco Co. v. Warren, 23 Ky. Law Rep., 2120; Thompson on Negligence, vol. 1, sec. 1255 and sec. 1223, sec. 1221; Thompson on Negligence, vol. 56 and 61, 62 and 63; Powell v. Devaney, 3 Cush., 300; Sherman & Redfield on Negligence, sec. 29, 31 and 36; Howe v. Ohmart, 7 Ind. App. 32; Emporia v. Schmidling, 33 Kan., 485; Youngstown Bridge Co. v. Barnes, 2 Amer. Neg. Rep., 237; Fisher v. City of Mt. Vernon, 6 Amer. Neg. Rep., 356; Casson v. City of Omaha, 3 Amer. Neg. Rep., 163; Moore v. Townsend, 6 Amer. Neg. Rep., 95; Detzur v. B. Stroh Brewing Co., 5 Amer. Neg. R., 374; Watson on Damages, sec. 166 and sec. 168; Branson's Adm'r v. Labrot, 81 Ky., 630.

ERNST CASSETT McDOUGALL for appellee, Mrs. Arnold.

## CLASSIFICATION.

It being shown by plaintiff's testimony that the accident was due to the intervention of an independent act of negligence by a stranger which could not have been reasonably anticipated, and which was not the proximate cause, defendants were not liable. (Thompson's Commentaries on the Law of Negligence, sect. 55, vol. 1; Setters, Administrator v. Maysville, 24 Ky. Law Rep., 828; Watson on Damages for Personal Injuries, sec. 170; Mitchell v. Pronge, 67 N. W., 1096 Michigan).

F. J. HANLON for appellee, City of Covington.

## CITATIONS.

8th American and English Encyclopedia of Law, 2nd Edition, page 561 and authorities quoted in notes; 8th American and English Encyclopedia of Law, page 571; Bosch v. Burlington, etc., R. R. Co., 44 Iowa, 402; Leame v. Bray, 3 East, 595; Patch v.

City of Covington, 17th B. Monroe, page 72; Opinion of the
court by Judge Duvall in case of Patch v. City of Covington, 17th
B. Monroe, page 722; Bosworth v. Brand, 1st Dana, page 377;
Louisville & Nashville R. R. v. Webb, etc., 18 Ky. Law Rep.
page 258; Setter's Adm'r v. City of Maysville, 24 Ky. Law Rep.
828; Opinion of the court by Judge Burnham, Setter's Adm'r v.
City of Maysville, 24 Ky. Law Rep. pages 828 and 831.

OPINION OF THE COURT BY JOHN D. CARROLL, Com-
missioner—Reversing.

The appellant, a boy about nine years of age,
brought this action against the appellees to recover
damages caused by a pile of lumber falling upon him
and injuring him quite severely.

It appears from the record that the appellee
Christiana Arnold is the owner of a lot that fronts
on Crescent Avenue, in the city of Covington, and
that for the purpose of repairing a building situated
on the lot she had hauled and placed on the lot and
parallel with the sidewalk, a pile of lumber, the
pieces of which were about sixteen feet long and ten
inches wide. This lumber was placed one plank
above the other in two piles probably an inch apart
and each about four and one-half feet high. It was so
stacked that the outside pile rested on the line of the
sidewalk as much as half the width of one of the
planks. The surface of the lot upon which this
lumber was piled, inclined upwards a little from the
pavement, causing the lumber to lean towards the
street. There was no fence between the lot and the
street, and the evidence is that this lumber was rather
loosely piled and easily disturbed. It remained in
this condition for about two weeks, and on the day
appellant was injured a load of rock was being hauled
on a wagon from the street into this lot. About the
time the appellant reached the lumber on his way to

a store, where he was going on an errand, the wagon loaded with rock crossed the pavement into the lot, and while appellant was standing on the pavement close beside the lumber waiting for the wagon to go into the lot, the front wheel of the wagon struck one of the plank that projected a couple of feet further out than the remainder and toppled the lumber over on appellant.

The negligence complained of as to appellee Arnold was in stacking the lumber in such a careless and negligent manner as to be easily toppled, or made to fall over, and as to the city, in negligently and carelessly permitting the same to be piled upon a street and remain in that dangerous position for more than two weeks. Neither the owner nor the driver of the wagon were made defendants, and no recovery was sought on account of any negligence on the part of the driver of the wagon. Upon the conclusion of the evidence for the appellant, which was in substance the facts herein related, the trial judge peremptorily instructed the jury to find a verdict for the appellees, and was induced so to do for the reasons thus stated by him: "Supposing that the proof sustains the allegation that the lumber was piled there negligently and carelessly, still I do not think the plaintiff has made a case, because the negligent piling of the lumber and its condition at the time was not the cause of the accident at all. The wagon hitting the lumber was the cause of the accident. There is absolutely no proof—in fact the allegations of the petition do not claim that there was any negligence in the driving of the wagon. The only negligence that is claimed, is that the lumber was negligently piled and allowed to remain there in that condition. Nor is there any proof to show the

defendants, Mrs. Arnold, or the city of Covington, had anything to do with the wagon. It seems to me that the proximate cause of the injury was the wagon hitting the lumber pile and causing the lumber to topple over. That was the direct cause of the accident, and it would not have happened at all if the wagon had not struck the lumber. The only negligence, if any, was in driving the wagon, and that is not claimed as an act of negligence in the petition." It will thus be seen that the sole question in the case is what was the proximate cause of the injury, and this is one of the most difficult and important questions presented in the trial of negligence cases, it being an established principle of law that there can be no recovery for an act of negligence unless it was the proximate cause of the injury complained of. If the conduct of appellees in piling the lumber at the place, in the manner it was piled, and in permitting it to remain in that position, was not the proximate cause of the injury to appellant, he cannot recover. If the injury is traceable to the negligent and careless manner in which the lumber was piled, although the immediate cause of the accident was running the wagon against the lumber, the appellant may recover. In our opinion the controlling and determining question in this case, is, were appellees guilty of negligence in piling the lumber and in permitting it to remain in the position it was in when struck by the wagon. If there was no negligence on their part in this particular, then appellant cannot recover, because the injury to him was due to the driver of the wagon. On the other hand, if they were guilty of neglect in the respect mentioned, the negligence, or carelessness of the driver of the wagon will not excuse them, as the mere fact that

another person concurs, or co-operates, in producing an injury, or contributes thereto, in any degree, whether large or small, is of no importance. It is immaterial how many others have been in fault, if the act of the first wrongdoer was the efficient cause of the injury. The weight of authority seems to be against holding a defendant liable for all the consequences of his wrongful acts when they are such as no human being even with the fullest knowledge of the circumstances would have considered likely to occur, and the rule is well settled that to fix liability upon a person for remote negligence the injury complained of must be one that under all the circumstances might have been reasonably foreseen or anticipated by a person of ordinary prudence to flow from or be the natural and probable consequence of the first negligent or wrongful act. These views are fully supported and illustrated in the following authorities. Shearman & Redfield on Negligence, section 28; Southern Ry. Co. v. Webb (Ga.) 42 S. E., 395, 59 L. R. A., 109; Cole v. German Savings & Loan Society, 124 Fed. 113, 59 C. C. A., 593, 63 L. R. A., 416; Bransom v. Labrot, 81 Ky., 638, 5 Ky Law Rep., 827; 50 Am. Rep., 193; Louisville Gas Co. v. Gutenkuntz, 82 Ky., 432, 6 Ky. Law Rep., 464; Davis v. Chicago, Milwaukee & St. Paul R. Co., 93 Wis. 470, 67 N. W., 16, 1132, 33 L. R. A., 654, 57 Am. St. Rep., 935; Wood v. Pennsylvania R. Co., 177 Pa., 306, 35 Atl. 699, 35 L. R. A., 199, 55 Am. St. Rep., 728; Dickson v. Omaha & St. L. Ry. Co., (Mo. Sup.) 27 S. W., 476, 25 L. R. A. 320, 46 Am. St. Rep., 429; Western Ry. v. Mutch (Ala.) 11 South. 894, 21 L. R. A., 316, 38 Am. St. Rep., 179; Gonzales v. City of Galveston, (Tex. Sup.) 19 S. W., 284, 31 Am. St. Rep., 17; Reid v. Evansville R. Co., (Ind. App.) 35

N. E., 703, 53 Am. St. Rep., 391; Huber v. La
Crosse City Ry. Co., (Wis.) 66 N. W., 708, 31 L. R.
A., 583, 53 Am. St. Rep., 940; Burger v. Missouri
Pacific Ry. Co., (Mo. Sup.) 20 S. W., 439, 34 Am. St.
Rep., 379; Am. & Eng. Ency. of Law, vol. 16; Gilson
v. Delaware & Hudson Canal Co., (Vt.), 26 Atl. 70, 36
Am. St. Rep., 802; Watson, Damages for Personal
Injuries, sections 28, 58.

The rule in this State is too well settled to need
citation of authority that when there is evidence
tending to establish a matter in issue the court should
not grant a peremptory instruction, and while we do
not express any opinion upon the question whether or
not the injury in this case was one that under all
the circumstances might have been reasonably antici-
pated by a person of ordinary prudence to flow or
follow from the acts of appellees, or as to whether
or not they or either of them were guilty of any
negligence, we are convinced that there was sufficient
evidence to authorize the submission of these ques-
tions to the jury. As stated by Justice Strong in
Milwaukee R. Co. v. Kellogg, 94 U. S., 469, 24 L.
Ed. 256: "The true rule is that what is the
proximate cause of an injury is ordinarily a question
for the jury. It is not a question of science or of
legal knowledge. It is to be determined as a fact,
in view of the circumstances of fact attending it.
The primary cause may be the proximate cause of a
disaster, though it may operate through successive
instruments, as an article at the end of a chain may
be moved by a force applied to the other end, that
force being the proximate cause of the movement, or
as in the oft-cited case of the squib being thrown in
the market place."

The judgment of the lower court is reversed, and

cause remanded with instructions to grant a new trial, and for proceedings in conformity to this opinion.