# Holgate, Appellant, *v.* Brink.

*Promissory notes—Defenses — Conflicting testimony — Case for jury.*

On the trial of a scire facias sur judgment entered on notes, where defendant offers testimony that plaintiff had agreed to apply certain funds which should come into his hands as attorney for plaintiff to the payment of the judgment in suit, evidence may be introduced by the defendant to show that plaintiff had agreed to a different distribution of the fund, and the case on the conflicting testimony is for the jury.

*Practice, C. P.—New trial—Appeals.*

Doubted, whether after a retrial of a case and a judgment on the verdict, the action of the court in granting a new trial may be complained of on an appeal after the second trial.

Argued March 8, 1917. Appeal, No. 38, March T., 1917, by plaintiff, from judgment of C. P. Lackawanna Co., Jan. T., 1914, No. 351, on verdict for defendant in case of R. H. Holgate v. Jennie E. Brink. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Scire facias sur judgment entered on judgment notes. Before EDWARDS, P. J.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were various rulings and instructions and refusal of new trial.

*R. H. Holgate,* with him *Frank E. Donnelly,* for appellant.

*Joseph O'Brien,* with him *George W. Maxey* and *Robert O'Brien,* for appellee.

OPINION BY HENDERSON, J., May 7, 1917:

This case was twice tried in the court below. The verdict was for the plaintiff on the first trial and a rule for a new trial on motion of the defendant was made absolute. The first assignment of error complains of the action of the court in granting a new trial. It may well be doubted whether after a retrial of the case and a judgment on the verdict the action of the court in granting a new trial may be complained of on an appeal after the second trial. Under the authority of First National Bank of Birmingham v. Fidelity Title and Trust Co., 251 Pa. 536, and the cases there cited, an appeal might have been taken from the order of court granting a new trial. The plaintiff instead of resorting to that remedy proceeded to try the case again and thus took the chance of a second verdict rather than the determination of the question of law raised by the order for a new trial. But it is unnecessary to dispose of the case on this question for no assignment of error was taken to the order of court granting a new trial nor is the testimony in that case presented for our inspection. The setting aside of a verdict is not covered by the Act of May 11, 1911, P. L. 279. Such an order is interlocutory: Com. v. Gabor, 209 Pa. 201; Moyer v. Phillips, 40 Pa. Superior Ct. 1. We have nothing before us therefore on which to base a reversal for the reason set forth in the assignment. The second, third, fourth, fifth and sixth assignments cover exceptions taken to the action of the court in sustaining the defendant's objection to offers of evidence. We have read these excerpts in connection with the context and are not convinced that the court was in error in so ruling. Nor is the evidence of such apparent importance as to

have affected the result. The point in controversy in the case was whether the plaintiff had agreed with the defendant that he would apply as much of the fund belonging to the Brady estate which came into his custody from Judge HAND as would be necessary to pay the judgment which he is now seeking to recover and another judgment of like amount against the same defendant. The rejected evidence had little significance on this question and we are not satisfied that its rejection tended in any degree to prevent the plaintiff from recovering a verdict. The evidence admitted as recited in the seventh assignment was competent for the purpose of contradicting the plaintiff. According to the plaintiff's testimony when he received the order from the defendant for the money from Judge HAND he said to her that the first thing to be paid was the mortgage amounting to $1,000 held by the Dime Bank as collateral to a debt Brady owed at that bank; that Mr. Burns and Mr. Roe, colleagues of the plaintiff in the will case, should be paid; that Mr. Roe's fee was $600 to which the defendant objected, but that Mr. Burns's fee which was $1,000 was to be paid. The defendant's offer in the seventh assignment was to prove by Mr. Roe that he, the plaintiff and Mr. Burns met in the latter's office and it was agreed among them that the amount of the Dime Bank mortgage was to be taken out of the money received from Judge HAND and that the balance was to be equally divided among Roe, Burns and the plaintiff. This was an entirely different distribution of the fund from that stated by the plaintiff to have been agreed on by the defendant and him, and evidence thereof was competent as showing a different arrangement from that which he claimed at the trial. That part of the charge of the court set forth in the eighth assignment in which the learned trial judge said "We are in the dark absolutely as to the relations of the defendant and Mr. Burns" apparently had reference to the lack of evidence to show that the defendant had employed Mr. Burns. He took part in the trial but whether Mrs. Brink

employed him personally or whether he was brought into the case by other counsel was not made clear. We do not understand that it was denied by the defendant that Mr. Burns was entitled to compensation for services rendered in the Brady will contest, but that was not the question involved in the plaintiff's case. What he had to meet and overcome was the testimony of the defendant herself and another witness who alleged she was present at the time the agreement was made according to which agreement the plaintiff was to take out of the fund he received from Judge HAND a sufficient amount to satisfy the two judgments which he held against the defendant. He received the money. Whether he applied it according to the understanding between him and the defendant was a disputed question of fact to be determined by the jury. The defendant would not be relieved from her obligation to pay Mr. Burns for his services because he received no share of the money which Judge HAND paid to the plaintiff. It was not a material consideration therefore whether Mr. Burns was employed directly by the defendant or not. We do not regard it as an error on the part of the court to have referred to the testimony of Mr. Roe as to the division of the money among the three attorneys who acted for the defendant in the will contest. It was not an important point and could with propriety have been disregarded by the court but there was no impropriety in directing the attention of the jury to the matter. The plaintiff may be correct in his contention that he should have had a verdict in view of all of the evidence in the case but it will be readily seen on examination of the evidence that a jury alone could decide the controversy between the parties. We do not find anything in the assignments which we consider so clearly erroneous as to warrant a reversal of the judgment.

Affirmed.