## Litwinavage *v.* Schuylkill Railway Co., Appellant.

*Negligence — Street railways — Passenger—Crowding of passengers on platform—Contributory negligence—Intervening or concurrent causes—Proximate cause—Sudden start of car—Joint tortfeasors.*

1. If an original act was wrongful, and would naturally, according to the ordinary course of events, prove injurious to others, and actually results in injury, through the intervention of other causes not wrongful, the injury must be referred to the wrongful cause, passing through those which were innocent.

2. In an action against a street railway company, the case is for the jury where it appears plaintiff, an intending passenger, was on a station platform, as an approaching car came to stop, before reaching the platform, and then as those nearest the door had grabbed the handrail and were in the act of entering the car, it was suddenly started forward with a severe jerk, throwing them violently back against other intending passengers, whereby plaintiff was pushed off the platform and injured.

3. In such case, the jerk of the car and not the absence of a handrail at the rear of the platform was the proximate cause of the accident.

4. Nor can the accident be attributed to the rudeness or misconduct of others on the platform; nor can the injury to plaintiff be attributed to his own contributory negligence.

5. Where the question of contributory negligence has been fairly submitted to the jury, a verdict for plaintiff will not be set aside on that ground, if it can be sustained under any reasonable view of the evidence.

6. The negligence of one joint tort-feasor will not relieve another joint tort-feasor from liability for negligence.

Argued February 18, 1924. Appeal, No. 104, Jan. T., 1924, by defendant, from judgment of C. P. Schuylkill Co., Jan. T., 1920, No. 280, on verdict for plaintiff, in case of Michael Litwinavage v. Schuylkill Railway Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before BERGER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,000: 19 Schuylkill Legal Record, 397. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*Arthur L. Shay,* for appellant.—A person who voluntarily assumes a position of danger is guilty of contributory negligence and cannot recover: Begley v. P. R. R., 201 Pa. 84; Schmidt v. P. & R. R. R., 149 Pa. 357; Spring et al. v. Davis, 273 Pa. 389; Smith v. Boro., 268 Pa. 170.

The direct and proximate cause of the injury to the plaintiff was the want of a guard rail on the platform: Bright v. R. R., 69 Pa. Superior Ct. 188; Bruggeman v. York, 259 Pa. 94.

The injury to plaintiff was the result of the rudeness of his fellow passengers: Ellinger v. R. R., 153 Pa. 213; Graeff v. R. R., 161 Pa. 230; Barlick v. R. R., 41 Pa. Superior Ct. 87.

*A. D. Knittle,* for appellee.—Plaintiff's contributory negligence was submitted to the jury, and the jury, by

their verdict, found he was not guilty thereof: Hastings v. R. R., 272 Pa. 212.

The position of plaintiff on the platform was a mere condition and not an act contributing to the injury: Hull v. Bowers, 273 Pa. 429.

The position of plaintiff on the platform being but a condition intervening between the act of defendant's negligence and the injury the absence of a guard rail was not the proximate cause of the accident: Bruggeman v. City of York, 259 Pa. 94, 97; Thirteenth and Fifteenth St. Ry. v. Boudron, 92 Pa. 475; Kolesch v. Phila. Co., 152 Pa. 355; Behling v. Pipe Line Co., 160 Pa. 359.

Defendant was negligent: Bright v. R. R., 69 Pa. Superior Ct. 188; Mulhause v. Ry., 201 Pa. 237.

OPINION BY MR. JUSTICE WALLING, March 17, 1924:

A track of the defendant electric railway company, extending from Shenandoah, passes near the entrance to a coal mine of the Philadelphia and Reading Coal and Iron Company. To accommodate miners going to and from work, defendant has there a regular stop called "Maple Hill," where, to facilitate the entrance and exit of passengers, there is, on a level with the track, a platform about four feet wide. At quitting time miners in considerable numbers gather on and about the platform and do some jostling as they board a car. On the afternoon of March 27, 1919, plaintiff, a coal miner somewhat crippled by a previous accident, sought to take the car at this stop, and, as it came in, he was shoved back off the platform, and seriously injured. He brought this suit, averring the accident resulted from the negligent manner in which the car approached the platform; and, from judgment entered on a verdict in his favor, defendant took this appeal.

The evidence was conflicting, that for plaintiff was to the effect that the car came to a stop, or nearly to a stop, before reaching the platform, and then, as those nearest.

the door grabbed the handrail and were in the act of entering the car, it was suddenly started forward with a severe jerk, throwing them violently back against other intending passengers, whereby plaintiff was pushed off the platform and injured. Defendant's evidence tended to disprove any sudden jerk or other unusual movement of the car. The case, however, was for the jury and the record discloses nothing to cause a reversal. Defendant's employees were familiar with the habit of the miners in scrambling aboard an incoming car and must have known that its sudden and unwarned movement at such a time would likely cause an accident, although it might not have seemed probable that plaintiff, back in the third row, would be injured thereby, but such lack of probability is no excuse. This feature of the case is ruled by Howarth v. Adams Express Co., 269 Pa. 280, 282, where we say, quoting from Judge Cooley, and Wood v. Penna. R. R., 177 Pa. 306, 310: "If the original act was wrongful, and would naturally, according to the ordinary course of events, prove injurious to some others, and result, and does actually result, in injury, through the intervention of other causes not wrongful, the injury shall be referred to the wrongful cause, passing through those which were innocent;" reaffirmed in Murray v. Frick, 277 Pa. 190, 194; see also Jordan et ux. v. Eisele, 273 Pa. 95. Furthermore, the sudden jerk of the car, which forced those at the front of the platform back upon plaintiff, was the proximate cause of the accident; those shoved back had no will in the matter and were not an independent intervening cause any more than would have been an inanimate object set in motion by the sudden movement of the car.

The lack of a guardrail at the rear of the platform cannot be held the proximate cause of the accident; at most of it was but a concurring cause. So, assuming the platform belonged to the coal company, which was a disputed question, and also assuming such company had been negligent in failing to provide a guardrail, that

would not excuse defendant who was also negligent: Burrell Tp. v. Uncapher, 117 Pa. 353; 29 Cyc. 496.

Under the facts, as the jury found them, it cannot be affirmed that the accident resulted from the rudeness or misconduct of others on the platform. Its real cause was not the scramble to get aboard but the sudden jerk of the car forward and for that the passengers were not responsible. Their voluntary movement was toward the car and away from plaintiff and it was not their fault that the sudden starting of the car threw them back upon him. The case of Spagnol v. Pennsylvania Railroad Co., 279 Pa. 205, is not in point; there one passenger was injured by the rudeness of another.

It is difficult to see how a charge of contributory negligence can be urged against the plaintiff. He was on the platform moving toward the car with the other miners and was not bound to anticipate that defendant would be guilty of such negligence as to throw them back against him. The platform was made to stand on; that plaintiff was so unfortunate as to be in the back row was not his fault, some one had to be there. Moreover, where, as here, the question of contributory negligence has been fairly submitted to the jury, a verdict for plaintiff will not be set aside on that ground if it can be sustained under any reasonable view of the evidence: see Cramer v. Aluminum Co., 239 Pa. 120, 125; Hastings v. So. Shore R. R. Co., 272 Pa. 212, 215.

The assignments of error are overruled and the judgment is affirmed.