## Cross v. Clark.

April 22, 1947.
Rehearing denied May 30, 1947.

Eugene Hubbard, Judge.

Robert F. Vaughan for appellant.

Jones, Keith & Jones for appellee.

OPINION OF THE COURT BY JUDGE SILER—Reversing.

J. W. Clark, the appellee, recovered judgment against Gilbert Cross, trading and doing business as E. D. Cross and Son, the appellant, for $14,238.40 for damages arising from Clark's personal injuries of painful and permanent nature. Cross has appealed from that judgment.

Among others, appellant is now making the contention that the judgment should be reversed because prejudicial error was committed in refusing to direct a verdict in his behalf at the conclusion of the evidence.

The facts presented practically no disputation. Reconstruction Finance Corporation, a federal agency, created at some time what was and is Defense Plant Corporation, another federal agency, to finance, build, own and lease war plants. Defense Plant Corporation, through its lessee, Reynolds Metals Company, let a contract for the alteration and enlargement of a certain defense plant in Louisville owned by Defense Plant Corporation. Struck Construction Company took such contract and then made several subcontracts of equal dignity and independent standing for the prosecution of necessary dismantling operations and for the construction work to follow thereafter so as to carry out the main purpose of the main contract.

James E. Smith Construction Company, the employer of appellee Clark, was one of several subcontractors. Appellant Cross was another. And both these subcontractors were engaged in some dismantling operations in this same defense plant when appellee Clark's injuries occurred. Several working crews, several foremen, several hundred employees, including those of Reynolds

Metals Company, were busily engaged in and about this plant when Clark was injured and for a considerable period of time prior thereto.

Clark was a steamfitter-welder. He and his working equipment were located at the base of some heavy, metal gratings, which were stacked lengthwise on the floor and which were leaning against metal columns supporting the floor above. These gratings were owned by Defense Plant Corporation. Clark was called to come to one of his fellow workmen nearby to assist in a task then in progress. As he turned and walked a step or two toward his new task, these gratings, which weighed seven or eight hundred pounds, toppled over on his legs, causing a compound fracture to one and painful lacerations and contusions to the other.

Now appellant Cross, subcontractor on this job, had been assigned the work of dismantling these gratings and of stacking them against the supporting columns where they rested until they fell over on appellee Clark and where they remained during a period of about two weeks before the time of this accident. Neither appellee Clark nor his employer, James E. Smith Construction Company, another subcontractor on this same job, had ever had any duty whatever relating to these gratings.

Under these circumstances, we now face the necessity of reaching a determination as to whether or not there was any evidence on this trial demonstrating that appellant Cross was guilty of any negligence pertaining to his duties relating to these metal gratings. Only through such a negligence could the heavy millstone of culpability be hung around his neck so as to draw him into the deep water of legal liability for the injuries and damages befallen to appellee Clark.

Appellee Clark says in his brief that he has never contended that this is a case for an application of the doctrine of res ipsa loquitur. Therefore, on the basis of that concession, there appears to have remained the alternative necessity for him to have proven on this trial some element of negligence on the part of appellant Cross pertaining to these metal gratings.

We have closely examined all of the evidence of all the witnesses who professed to have any knowledge of

the method employed by Cross in the disposition of these gratings after they had been dismantled by him. Without exception, these witnesses stated that the gratings had been tied at the top with heavy wire so as to fasten them to the upright metal support columns where they stood until the accident occurred. Not one witness said that they were left untied by appellant at the time they were stacked. We find that Clark himself testified on this phase of the case after this specific manner:

"Q. Now, did they appear to you to be negligently stacked, as you passed by them from day to day? A. I never did stop and examine the screens.

\* \* \* \* \* \*

"Q. You did not pay enough attention to them at the time, as I understand. it, to know whether they were properly tied or not? A. No sir, I did not."

On the other hand, we find that Clifford Fugitt, the man who did the actual stacking of these gratings for appellant Cross testified on this same phase of the case after the following manner:

"Q. Suppose you describe to the jury exactly what you did when you wired them? A. We taken them out of there and put them over there behind there and took No. 9 wire and wired them at the top on both sides.

\* \* \* \* \* \*

"Q. Did you wire them altogether at one time or wire each one separate? A. Just run No. 9 wire through them twice and tied them off to the column."

No person offered to say that he knew of any facts tending to prove the contrary of Fugitt's testimony. Other witnesses seem to have corroborated Fugitt in all the fundamental parts of his testimony.

Appellee cited only one "stacking" case in support of his theory of a legal liability imposed upon the appellant by reason of the facts of the instant case. The case cited by appellee is that of Sydnor v. Arnold, 122 Ky. 557, 92 S. W. 289. However, in reading the Sydnor case, we note that evidence was produced on that trial which demonstrated that the "stacking" had been done in a negligent manner. There was no similar evidence

in the instant case. In the instant case, the trial court, the jury and ourselves have been left far out upon an uncharted sea of speculation without semblance of compass needle in the nature of evidential substance to point us toward a legal responsibility on the part of appellant Cross. So far as the record discloses, there was no proof whatever to show that appellant Cross or any of his agents ever untied or unloosed these gratings or ever knew they had been untied by anyone after they had been properly stacked and tied by appellant about two weeks before the accident. During the interim between the stacking and the accident they were, of course, unloosened by some one. Otherwise, they would not have fallen on appellee. But whether they were unloosened by appellant or by some other contractor or by Reynolds Metals Company or by some, unidentified, meddling stranger, the courts and the jury have been left only to ponder in the darkness and silence of the mysterious unknown. Should we theorize appellant into legal liability in this case? We could not do so and sleep well.

So far as we have been able to learn, appellant Cross had no duty to watch or to guard these gratings with unbroken vigilance after the stacking operation. This was not a public place. It was a private plant. If there was any guarding duty to have been performed, it apparently would not have fallen upon this dismantling subcontractor, the appellant. The record of this case does not show that appellant had any duties except those of dismantling carefully the property of Defense Plant Corporation and of disposing of the same, likewise carefully, in a place to which the appellant was directed by higher authority. All the evidence of this case shows that those duties were fully performed by appellant. Therefore, appellee Clark did not breathe the breath of life into his cause of action by proving that failing hands on the part of appellant Cross in some manner propelled the evil events that produced his misfortune.

One of our fundamental conceptions of the law is that negligence will not be presumed. Green v. Pennsylvania Railroad Co., 225 Ky. 243, 8 S. W. 2d 418; Consolidated Coach Corporation v. Hopkins, 228 Ky.

184, 14 S. W. 2d 768; Kentucky Glycerine Co. v. Woodruff Development Co., 233 Ky. 325, 25 S. W. 2d 736.

And since negligence will not be presumed, only one alternative remains and that is that it must be proven. Illinois Cent. R. Co. v. Cash's Adm'x, 221 Ky. 655, 299 S. W. 590.

Since the law will not permit us to presume negligence and since appellee Clark did not bring that necessary ingredient into his trial upon the platter of probative evidence and deliver its sustaining power into the vitality of his cause, we must now hold that the lower court committed prejudicial error in refusing to direct a verdict in behalf of appellant at the conclusion of the evidence on the trial.

Wherefore, the judgment is reversed with directions that appellant's motion for a peremptory instruction be sustained in the event that the evidence on a second trial shall remain substantially unchanged.