## Paducah Light & Power Company v. Parkman's Administrator.

(Decided December 2, 1913).

### Appeal from McCracken Circuit Court.

Electricity—Electric Companies—Utmost Degree of Care Required of.—In the care and maintenance of their poles and wires electric companies are required to exercise the utmost care or the highest practicable degree of care, and this measure of care is due under all circumstances and will be exacted when the injury is caused by a person coming in contact with a telephone wire that by the negligence of the electric company had become heavily charged with electricity that escaped from a high power electric wire.

WHEELER & HUGHES for appellant.

CAMPBELL & CAMPBELL and HAL S. CORBETT for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant company is engaged in the business of manufacturing and selling electric light and power in Paducah, and maintains a line of poles upon which its wires are strung. The Paducah Home Telephone Company operates a system of telephones in Paducah, and at 28th and Jefferson Streets the wires of the telephone Company are attached to the pole upon which the light and power company has it wires. At this point the wires of the telephone company are only a few inches from those of the light and power company.

In January, 1913, the deceased, Emmet Parkman, while attempting to use the telephone in the office at the fair-grounds in Paducah, was shocked and killed by an electric current that passed from the heavily charged electric wire of the light and power company to the wire of the telephone company at 28th and Jefferson Streets, and was carried by the telephone wire into the office and to the telephone which Parkman was attempting to use.

This action was brought by his administrator against the light and power company, the telephone company, and the Paducah Traction Company that also used for its wires the pole before mentioned, to recover damages for his death. The negligence charged in the petition was that these companies, and each of them, were guilty of gross carelessness and negligence in failing to have their respective wires properly protected so as to prevent the telephone wires from becoming charged with currents of electricity from the wires of the other companies.

On a trial before a jury there was a verdict in favor of the traction company, and a verdict and judgment for $8,000 against the telephone company and for $4,000 against the light and power company. On this appeal by the light and power company the only ground of reversal relied on is that the trial court, in the instruction defining the care to be exercised by it, imposed a higher degree of duty than the law applicable to the case authorized. The instruction advised the jury that it was the duty of the light and power company to exercise the "utmost care," while it contends that it was only required to exercise "ordinary care." The instruction complained of reads as follows:

"The court further instructs you that it was the duty of defendant, Paducah Light & Power Company, at the time and place complained of by plaintiff, if it jointly with defendant, Paducah Home Telephone & Telegraph

Company, used poles for the purpose of stringing wires thereon, to exercise the utmost care in the maintenance of such poles, and the use of its wires strung on such poles, and to prevent its wires from touching or coming in contact or becoming connected with the wires of defendant, Paducah Home Telephone & Telegraph Company, and charging its wires with a current or voltage of electricity, and if you so believe from the evidence in this case that defendant failed to exercise such care, and by reason of such failure the defendant's, Paducah Home Telephone & Telegraph Company, wires became charged with a high and dangerous voltage or current of electricity, which was conveyed to the place where plaintiff's decedent was killed, and by reason thereof, and as the direct and proximate result of such failure on defendant's part plaintiff's decedent, while using the telephone of the Paducah Home Telephone & Telegraph Company, was shocked and killed, then defendant, Paducah Light & Power Company, is chargeable with negligence, and the law is for the plaintiff and you will so find as against the Paducah Light & Power Company.''

Counsel for the light and power company admit that it is the duty of electric companies to exercise the utmost care and skill in the management and care of their wires so as to prevent injury to their servants or others whose business may bring them in contact with the wires, but they insist that this high measure of duty and care does not exist when the injury complained of is caused by coming in contact with harmless wires of other companies that the heavily charged wires of the electric company by touching impart danger to. And the argument is made that in this class of cases it is only the duty of electric companies to exercise ordinary care to keep their wires in safe condition. In McLaughlin v. Louisville Electric Light Co., 100 Ky., 173, which was the first case written by this court on the subject of the measure of duty of electric companies, we said:

''Electricity is a powerful and subtle force, and its nature and manner of use not well understood by the public, nor is its presence easily determined or ascertained. Its use for private gain is very extensive, and becoming more and more so. The daily avocation of many thousands of necessity brings them near to this subtle force, and it seems clear that the electric companies should be held to the use of the utmost care to avoid in-

juring those whose business or pleasure requires them to come near such a death-dealing force."

And this measure of care has been required in every subsequent case we have decided dealing with this subject: Macon v. Paducah Street Railway Co., 110 Ky., 680; Mangan v. Louisville Electric Light Co., 122 Ky., 476; O'Donnell v. Louisville Electric Light Co., 21 Ky. L. R., 1362; Lewis v. Bowling Green Gas Light Co., 135 Ky., 611; Union Light, Heat & Power Co. v. Young, 141 Ky., 805; Lancaster v. Central City Light & Power Co., 137 Ky., 355; Bowling Green Gas Light Co. v. Dean, 142 Ky., 678. It appears, however, that in each of these cases the complaining party came directly in contact with the electric wire inflicting the injury, and so the precise question here presented was not directly involved in any of these cases.

Electricity is a dangerous and deadly thing. It is a substance that gives no warning of its presence and when wires are heavily charged and not properly protected, it is fatal to the person who comes in contact with them. But the danger does not stop with the peril of coming in contact with the wire intended to and that does convey the current, as electricity may be imparted in equally deadly volume to other wires and other things that this wire may touch, and when it is imparted, for example, to another wire, this wire may become as dangerous as the one set apart for the conveyance of the electricity. This well known characteristic of electricity puts upon persons manufacturing and selling it the duty of exercising a high degree of care to prevent its escape from the place intended for its use and to keep it confined to the instrumentalities set apart by them for its conveyance.

Purveyors of electricity fully understand the danger attending its escape and are aware of the fact that the danger of the charged wire will be conveyed to another otherwise harmless wire that touches it, and there should be applied to them the familiar rule in the law of negligence that persons are to be held responsible for all the reasonable and natural consequence which a prudent and experienced person fully acquainted with the circumstances might reasonably anticipate would follow his acts of negligence. Kentucky Heating Co. v. Hood, 133 Ky., 383; Sherman & Redfield on Negligence, Vol. 1, Sec. 29.

Keeping in mind the rule in this state that the utmost degree of care must be exercised to keep electric

wires protected so as to prevent injury by coming in contact with them, it is difficult to understand upon what sound principle a distinction can be made between the measure of care that should be exercised to prevent danger to those coming directly in contact with the charged wire and to prevent danger to those coming in contact with another wire to which the charged wire has imparted its fatal energy. There seems to us no room or place for any distinction between the two conditions. If the charged wire is properly protected, it is comparatively safe under all circumstances; if it is not properly protected, it is dangerous under all circumstances. This being so, there is no reason why the duty of exercising the same high degree of care to safely secure electricity should not be required under all circumstances. The negligence consists in the failure to confine electricity to the place set apart for its use, and it is not so material how many independent agencies intervene if the injury is directly traceable to the failure to perform this duty.

We have been referred by counsel for the light and power company to a number of cases from other courts holding that under circumstances similar to those existing in this case the electric company was only held to the exercise of ordinary or reasonable care, but those courts, or many of them, require only this degree of care under any circumstances. For example, in Mize v. Rocky Mountain Bell Telephone Co., 38 Mont., 521, 16 A. & E. Ann. Cases, 1189, the court said that a reasonable degree of care in the construction and maintenance of poles, cross-arms, wires and other apparatus along streets and highways was the measure of care exacted. To the same effect are City Electric Street Railway Co. v. Conery, 61 Ark., 381, 54 Am. St. Rep., 262; Hamilton v. Bordentown Electric Light & Motor Co., 68 N. J. Law, 85; Block v. Milwaukee Street Railway Co., 89 Wis., 371, 27 L. R. A., 365; Cumberland Telephone & Telegraph Co. v. Woodhem, 54 Sou., 890; Warren v. City Electric Railroad Co., 141 Mich., 298.

But the rule we have adopted is firmly established and in view of the exceeding danger attending the use of electricity, it is not unreasonable. The measure of care imposed is not more than is needed to put upon electric companies the duty of minimizing the danger attending the manufacture and sale of this article, and we are not disposed to relax it.

Wherefore, the judgment is affirmed.