## Scheben v. George Wiedemann Brewing Company.

(Decided December 4, 1914.)

### Appeal from Campbell Circuit Court.

1. Trial—Reopening of Case—Refusal.—Where a plaintiff rested his case, and the defendant made a motion for a peremptory instruction, it was within the discretion of the trial court to reopen the case and permit the plaintiff to introduce further evidence; and unless there has been an abuse of discretion, the ruling of the trial court in refusing to reopen the case is not a reversible error.

2. Trial—When Question of Negligence May Be Decided As One of Law.—Where there is no room for an honest difference of opinion among intelligent men as to whether the conduct of the defendant was that of an ordinarily prudent man, in view of the facts and circumstances surrounding him, the question of the defendant's negligence may be decided by the court as one of law.

HORACE W. ROOT and B. F. GRAZIANI for appellant.

L. J. CRAWFORD, HERBERT SHAFFER, WAITE & SCHINDEL and RAMSEY WASHINGTON for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

The appellant, Bernard Scheben, brought this action against the appellee company to recover damages for personal injuries received on December 7, 1912, while in the service of that company. For brevity, the appellant will be called the plaintiff, and the appellee will be called the defendant.

The plaintiff was working in the chips department of the brewing company, which was located on the first floor of the building. While so engaged with a number of other men in washing and soaking chips, he was sent by his superintendent, about 7 o'clock in the morning, to scrub the cement floor of what is known as the cellar on the second floor. The petition alleged that the defendant had negligently permitted a quantity of ice to form upon said cellar floor, thereby rendering it unsafe and dangerous to walk upon; that at said time said cellar room was so dark and insufficiently lighted that plaintiff could not see or discover the ice; and that while he was in the act of walking upon the cellar floor in the discharge of his duty pursuant to the order of his boss, and engaged in scrubbing the floor, he slipped upon the ice and fell upon an iron rail, injuring himself.

An amended petition alleged that the ice rendered the floor unsafe and dangerous to work or walk upon.

The answer denied negligence, and alleged contributory negligence upon the part of the plaintiff, which was denied by the reply.

At the close of plaintiff's testimony, the defendant moved the court to instruct the jury peremptorily to find a verdict for it; and after this motion had been argued by counsel upon either side, and submitted, the court adjourned until the afternoon session. Upon reconvening in the afternoon, and after the judge had indicated that he would sustain the motion for a peremptory instruction, counsel for plaintiff offered to recall the plaintiff as a witness, for the purpose of having him more fully describe the appearance of the ice, its formation, its size, its thickness, the length of time it appeared to him to have been formed, and that it appeared to be old ice which had formed from twelve to twenty hours before the accident.

The objection of the defendant to the re-opening of the case was sustained, the trial judge saying that counsel for plaintiff did not indicate that the witness had any

knowledge as to the length of time the ice had been upon the floor, and that the plaintiff had been fully questioned, both upon the direct and on the cross-examination, as to the nature and extent of the ice. The judge further suggested that after the plaintiff had rested his case and the court had indicated its ruling, it was not proper to re-open the case. Thereupon the court peremptorily instructed the jury to find a verdict for the defendant, which was done; and from a judgment entered upon that verdict the plaintiff appeals.

The plaintiff was the only witness who testified concerning the accident, and the surrounding conditions at the time. The propriety of the peremptory instruction requires a review of the proof, which showed the following facts:

The plaintiff was 47 years of age, and had been working continuously in breweries for about 25 years. Most of this time he had worked in chip cellars, as a member of the same kind of a crew of men in which he was working when he was injured. He had worked for the defendant at three different times; the first time in 1887, when he worked six or seven months; the second time for two years; and the last time for five and a half years. He was, therefore, familiar with the brewery of the defendant. He knew, for instance, that it had five rows of aging cellars; he was familiar with the aging cellar in which he was injured, and knew it contained 52 tanks or pits, seven or eight feet high and seven feet in diameter, and about the same size at the top as at the bottom; and that these pits each contained from 80 to 95 barrels of beer. He was familiar with the number of switches and electric lights in said cellar; with the thermometers therein; with the cold storage pipes, with frost on them; he knew that the room was kept cold by means of these pipes; that usually the windows at the opposite end of the side gangways, which lead from the main gang-way, were kept open when it was colder outside than it was inside, and closed when it was colder inside than it was outside.

The accident happened on a Saturday morning. On the Thursday before the accident, Scheben and Suter, another member of the chips gang, had been in the cellar where the accident occurred spreading lime upon the floor, and part of the lime was still upon the floor when the plaintiff was injured. On Friday, the day before the accident, the plaintiff was sent to the chips cellar on the third floor to assist in breaking ice off the pipes in that

cellar. He had done this several times in the five years he had last worked there. The day of the accident was the first cold day of that winter. Scheben had cleaned this cellar floor twice before, and in going to the big cask cellar he had passed through the long gang-way of this aging cellar six or seven times a year, which enabled him to look down the small gang-way where he was hurt, at one end of which there was a window.

When directed by Brecht, the defendant's boss, to go and scrub the floor of the aging room, Scheben obtained a candle in the room and picked up a hose which was lying near the steps, and attached it to the supply pipe. He then turned on the water and sprinkled the floor for four or five minutes, making it quite wet. When plaintiff slipped he held in his left hand a candle holder, in which there was a lighted candle, and in his right hand he held the hose so that the end of the hose was in front of him. The place where he fell was six feet from a sixteen candle power electric light, which was burning when he entered the cellar, and had so continued. The plaintiff says he did not know there was any ice on the floor until he felt with his hands to get up, and that he could then feel the floor and see the marks where his foot had slipped. He says it was real thin ice, not much thicker than a crust, and covered a space about a foot and a half long. The thermometer was standing at between 31 and 32 degrees Fahrenheit. Plaintiff concedes there was no evidence to show that defendant had actual knowledge of the icy condition of the cellar floor.

1. The trial court did not err in refusing to re-open the case after the argument upon the motion for a peremptory instruction. In support of his contention that the court should have re-opened the case, appellant relies upon Ballowe v. Hillman, 18 Ky. L. R., 677, which only holds that it is within the sound discretion of the court to permit the case to be re-opened for further testimony. The avowal shows, as above indicated, that plaintiff's counsel purposed to recall the plaintiff on the question of the appearance of the ice, its formation, its size, its thickness and the length of time that it appeared to him to have been formed; and to show that it appeared to plaintiff to be old ice which had formed from twelve to twenty hours before the accident. But the plaintiff made no claim to any knowledge as to the length of time the ice had been upon the floor; he had no means of knowing that, and his avowal is not to the contrary.

Furthermore, he had already told substantially all he knew about the ice, and the avowal showed nothing new. Giving the avowal its fullest scope, it offered nothing that would materially strengthen plaintiff's case. Under these circumstances, the court did not abuse its discretion in refusing to continue the examination.

This case is materially different from that class of cases where the defect in the place of work is of a permanent nature. In the case at bar, the ice was evidently caused by the sudden cold weather, and it might have disappeared as quickly as it appeared. There was no evidence whatever showing how long it had been upon the floor; neither is there any claim that there was any defect in the floor itself.

2. The rule as to when a peremptory instruction should be given was declared in Dolfinger v. Fishback, 12 Bush, 480, to be as follows:

"The rule upon this point seems to be that where there is no room for honest difference among intelligent men as to whether the conduct of the defendant was that of an ordinarily prudent man, in view of all the facts and circumstances surrounding him, the question may be decided by the court as one of law. (Hackford v. N. Y. C. R. R. Co., 53 N. Y., 654; D. & M. R. R. Co. v. Van Steinburg, 17 Mich., 99; Cox v. Burbridge, 13 Com. B., N. S., 430; Gaynor v. Old Colony R. Co., 100 Mass., 208; Welfare v. Brighton R. Co., L. R., 4 Q. B., 493.)

"But where, although the facts are undisputed, the court is unable to say that there is no room for honest difference of opinion as to the conduct of an ordinarily prudent man under the circumstances, but that question is to be decided upon inferences to be drawn from the facts already established, those inferences must be drawn by the jury, unless they are certain and incontrovertible. (D. & M. R. R. Co. v. Van Steinburg, 17 Mich., 99; R. R. Co. v. Stout, 17 Wall, 659.)"

This statement of the rule has been approved in subsequent decisions of this court. See Morris' Admr. v. L. & N. R. R. Co., 22 Ky. L. R., 1596, 61 S. W., 41; T. B. Jones & Co. v. Pelly, 128 S. W., 308.

In this case no facts were established which tended to show that there ever was any ice upon this floor before the occasion in question, or that defendant had any intimation of its existence on the day of the injury. From all that appears in the record, this was the first time ice ever was found upon this floor; and the ice found on

the day of the injury to plaintiff was of so thin a character that it really partook of the nature of frost. The water from the hose naturally made it slippery.

Plaintiff relies upon Russell v. Stewart Dry Goods Co., 22 Ky. L. R., 121, 56 S. W., 707, where the plaintiff recovered damages for injuries received from running a large splinter through the sole of her shoe while she was walking along the defendant's store; but that decision is not applicable to this case. The splinter was a fragment of an old worn floor and its defective condition must have been known, or could have been known, to the proprietors by the exercise of ordinary diligence; while the ice upon appellee's floor was simply a temporary surface coating, due to the sudden cold weather, and known to no one. The process of wear and decay of a wooden floor requires considerable time; it cannot change from a safe condition to an unsafe condition through the wear of a few moments, or a few hours. The record fails to show how or in what manner any water came upon the floor, except the statement of appellant that he sprinkled water upon the floor to wet it immediately before the accident.

The net result is, that the plaintiff slipped on a thin coating of ice upon the floor of the cold storage cellar after he had sprinkled it with water, there being no testimony of any kind tending to show negligence upon the part of the appellee; and, there being no fact in evidence from which the jury could infer negligence upon the part of the defendant, the peremptory instruction was proper. We deem it unnecessary to review at any length the authorities upon this subject; the rule that there must be negligence before there can be any liability is too well established to need further citation of authority.

We will merely refer to Vissman v. Southern Railway Co., 28 Ky. L. R., 429, 89 S. W., 502, 2 L. R. A., (N. S.), 469; L. & N. R. R. Co. v. McGary, 104 Ky., 509; Shemwell v. The Owensboro & Nashville R. R. Co., 117 Ky., 562; and Kentucky Free Stone Co. v. McGee, 118 Ky., 307, as supporting the rule.

Judgment affirmed.