# Gosney v. Louisville & Nashville Railroad Company.

(Decided March 22, 1916.)

## Appeal from Pendleton Circuit Court.

1. Torts—Negligence.—In an action for tort, there can be no liability without negligence.

2. Negligence—Elements Necessary to Recovery.—The three elements essential to a plaintiff's recovery in an action for negligence, are, (1) facts showing the existence of a duty owed by the defendant to the plaintiff; (2) the violation of that duty by the defendant; and, (3) damages to the plaintiff conforming to the legal standard. When these elements are brought together, they unitedly constitute actionable negligence; the absence of any one of the three elements renders the petition bad, or the evidence insufficient.

3. Negligence—Duty of Owner of Premises Who Induces Others to Come Upon.—The owner or occupant of premises who induces others to come upon them by invitation, express or implied, owes to them the duty of using reasonable or ordinary care to keep the premises in a safe and suitable condition, so that they will not be unnecessarily or unreasonably exposed to danger.

4. Negligence—Ordinarily, a defendant is not liable for negligence where no injurious consequences could reasonably have been contemplated as the result of the act or omission complained of; he is liable only where such injuries might have been anticipated, or foreseen.

5. Negligence—Proximate Cause of Injury.—In order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was a natural and probable consequence of the negligence, or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances.

6. Negligence—Damages—When Railroad Not Liable in Damages.—Where the agent of a railroad company and a farmer through whose land the railroad track extended, went upon the track together for the purpose of effecting a sale of an additional strip of ground for another track, and the farmer stumped his toe against a spike driven in a cross tie in the center of the track, and fell, breaking his arm, the company is not liable in damages.

WESLEY M. RARDIN for appellant.

APPLEGATE & CLARK and BENJAMIN D. WARFIELD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—
Affirming.

The appellant Gosney appeals from a judgment of the Pendleton Circuit Court, which sustained a demurrer

to his petition and dismissed it upon his having declined to further plead.

The appellant's track runs through Gosney's farm, near Caldwell's station. For the purpose of laying a double track, the company was negotiating with Gosney for an additional strip of land adjoining its rights of way through Gosney's farm.

On June 24th, 1913, while Gosney and Fossitt, a real estate solicitor and adjuster of the company, were walking along the track viewing the adjoining strip of ground which the company proposed to buy, Gosney stumped his toe against a spike which had been driven into one of the cross-ties near the center of the track, and fell to the ground, breaking his right arm, at the wrist.

The petition alleged that the spike protruded about two inches above the top of the cross-tie; that it had been driven and suffered to remain there through the gross and wanton negligence of the company's agents; that plaintiff did not see the spike before his foot struck it; that he did not know of its existence, but that the company's agents did know of it, or could have known of it by the exercise of ordinary care; and, that Fossitt invited and requested the plaintiff to go upon the company's track for the purpose, in conjunction with Fossitt, of viewing the strip of land and negotiating for the sale thereof to the company.

Briefly stated, the question for decision is this: Does a petition state a cause of action against a railroad company which alleges, in substance, that the plaintiff while walking on the track of the company, at the invitation of its agent, struck his foot against a spike protruding about two inches from a cross-tie in the defendant's track, thereby causing the plaintiff to fall and break his arm?

The answer to this question turns upon the decision of the further question as to whether, under all the circumstances of the case, the company owed the plaintiff the duty of keeping its track in such a condition that plaintiff could not have been injured in the manner he was injured; and if so, whether the defendant breached its duty on the occasion mentioned.

Appellant insists that the company owed the plaintiff the plain and imperative duty of seeing that its track was safe and free from hidden defects and dangers; and that if such defects did exist, the plaintiff should have

been warned of their presence in time to have avoided any injury by reason thereof.

Appellant further insists that since the petition alleges he was invited by Fossitt to go upon the company's track, a fact which must be taken as true, and there transact business for the company and with it, and upon its own premises, it owed him the high and reasonable duty of seeing that no harm should come to him as the result of any negligent act of the company's agent while the appellant was there engaged in the transaction of business with the company.

It is not contended that this duty grows out of the fact that the appellee is a railroad corporation engaged in the operation of its railroad, but because it was the owner and occupant, and had full control of the right of way upon which its track was located, at the time the appellant was injured.

On the other hand, the company insists that from the very nature of things, a railroad bed and track are not things that can be kept in such a condition of smoothness or safety as is readily obtainable in those cases where a merchant or the owner of property invites one upon his premises for business or pleasure, which are relied upon by appellant; that under the rule for determining what is the proximate cause, the injury must be the natural and probable consequence of the negligence complained of, and that if the wrong and the resulting damage are not known by common experience to be natural and usual in sequence, and the damage does not, according to the usual course of events, follow from the wrong, then the wrong and the damage are not sufficiently conjoined, as cause and effect, to support an action.

It should be borne in mind, however, that while this is not a case between master and servant, or landlord and tenant, it is likened by appellant, to a case where a merchant invites a customer upon his premises which are unsafe, as was the case of Russell v. Stewart Dry Goods Co., 22 Ky. L. R. 121, 56 S. W. 707. But, before there can be liability there must be negligence. Scheben v. George Weidemann Brewing Co., 161 Ky. 413.

The three elements essential to a plaintiff's recovery in an action for negligence, are: (1) Facts showing the existence of a duty owed by the defendant to the plaintiff; (2) the violation of that duty in fact by the defend-

ant; and, (3) damages to the plaintiff conforming to the legal standard. Jaggard on Torts, vol. 2, p. 932; 29 Cyc. 419. When these elements are brought together they unitedly constitute actionable negligence; the absence of any one of the three elements renders the petition bad, or the evidence insufficient.

Appellant insists earnestly, however, that all three of the essential elements exist and concur in this case, because the company, having invited Gosney on its premises to view the strip of ground and to buy it from him, it owed him the duty of having its ground and premises reasonably free from danger to Gosney; and, if it was not in a reasonably safe condition, it was the company's plain duty to warn him in time to prevent him from being injured.

Appellant cites no authority directly in point, to support his contention, but likens this case in principle to that class of cases which hold an occupant of land bound to use ordinary care and diligence to keep his premises in a safe condition for the access of persons who go thereon by his invitation, express or implied, for the transaction of business, or for any other purpose beneficial to him; and that, if his premises are in any respect dangerous, he must give his visitors sufficient warning of the danger to enable them, by the use of ordinary care, to avoid it. Or, stated somewhat differently, it is contended that this case comes within the rule that the occupant of land must use ordinary care and prudence to keep his premises in such condition that visitors may not be unnecessarily exposed to danger.

The general rule relied upon by appellant to sustain a recovery in this case, is stated as follows, in 29 Cyc. 453:

"The owner or occupant of premises who induces others to come upon it by invitation express or implied owes to them the duty of using reasonable or ordinary care to keep the premises in a safe and suitable condition, so that they will not be unnecessarily or unreasonably exposed to danger. And hence such persons may recover for injuries received owing to the dangerous condition of the premises known to him and not to them. But a defendant is not bound to keep his premises absolutely safe."

See also Anderson & Nelson Distilleries Co. v. Hair, 103 Ky. 196.

Furthermore, a defendant usually is not liable for negligence where no injurious consequences could reasonably have been contemplated as the result of the act or omission complained of; he is liable only where injuries might have been anticipated, or foreseen. A person is expected to anticipate and guard against all reasonable consequences; but he is not expected to anticipate or guard against those which no reasonable man would expect to occur.

The rule is stated as follows in 29 Cyc. 493:

"In addition to the requirement that the result should be the natural and probable consequence of the negligence it is commonly stated that the consequence should be one which in the light of attending circumstances an ordinarily prudent man ought reasonably to have foreseen might probably occur as the result of his negligence. This rule is usually given in connection with the rule requiring that the injury should be the natural and probable consequence of the negligent act and as explanatory of it. If the injury could not have been reasonably anticipated as the probable result of an act of negligence such act is either remote cause or not cause of injury. Where, however, defendant knows or has reasonable means of knowing that consequences not usually resulting from the act are likely to intervene so as to occasion damage he is liable, although it be not an ordinary and natural consequence of the negligence. Nor is it requisite that the result 'must' have been foreseen. Where a person had no knowledge and is not chargeable with knowledge of the danger his act will not constitute the proximate cause."

It is generally held that, in order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was a natural and probable consequence of the negligence, or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances. M. & St. P. Ry. Co. v. Kellogg, 94 U. S. 469; Hoag v. Lake Shore, &c. R. Co., 85 Pa. St. 293, 27 Am. Rep. 653; C., St. P. M. & O. Ry. Co. v. Elliott, 55 Fed. 949.

In Cov. & Cin. R. R. T. & B. Co. v. Mulvey's Admr., 135 Ky. 223, an infant was struck and killed by a lump of coal which fell upon him from a car in defendant's train while he was playing with other boys on a vacant

lot belonging to the railroad company and near its tracks, in Covington.

In reversing a judgment recovered by the boy's administrator, this court said:

"But the probability that a boy, who, with a few other boys, plays upon the private premises of a railroad company, adjoining its right of way, will be in a position to be struck by a lump of coal falling from a passing car is not so great as to impose upon the company the duty of loading its cars with reference to his presence, or of inspecting its cars to see that he is not injured by falling coal. Under such circumstances there is no liability, unless the injury is wanton or reckless. There is no evidence in this case to show either one of these pre-requisites to a recovery. The death of the decedent was simply the result of an unfortunate accident, which could not have been reasonably anticipated by appellant. We, therefore, conclude that the court erred in failing to give a peremptory instruction in favor of appellant."

The Mulvey case is stronger for the plaintiff than the case at bar, because in the Mulvey case the company was put on notice by the use to which its lot was put by children as a playground, and of the probability of their being there; and the court considered the case from that point of view and not upon the view that the infant was a trespasser.

So, even though the petition had alleged facts showing that there was no useful purpose to be served in having the spike in the cross tie, and that leaving it there was a negligent act, nevertheless the plaintiff's accident from such a cause could not have reasonably been in contemplation of the parties, or foreseen by them, at the time the spike was driven into the tie, or while it remained there.

The spike was only two inches high, and was driven in the most conspicuous place possible—half-way between the rails—where it could be seen by every one. It was no more dangerous than many other obstacles always found upon railroad tracks, and which people are naturally expected to encounter and avoid in places of that character. A railroad track is not constructed for pedestrians; and when they use it, either as trespassers or by invitation, they use it in its character of a

railroad track and not as a sidewalk or pavement made of asphalt or concrete, for the use of pedestrians.

In Sydnor v. Arnold, 122 Ky. 562, it is said:

"The weight of authority seems to be against holding a defendant liable for all the consequences of his wrongful acts when they are such as no human being even with the fullest knowledge of the circumstances would have considered likely to occur, and the rule is well settled that to fix liability upon a person for remote negligence the injury complained of must be one that under all the circumstances might have been reasonably foreseen or anticipated by a person of ordinary prudence to flow from or be the natural and probable consequence of the first negligent or wrongful act. These views are fully supported and illustrated in the following authorities: Shearman & Redfield on Negligence, section 28; Southern Ry. Co. v. Webb (Ga.), 42 S. E. 395, 59 L. R. A. 109; Cole v. German Savings & Loan Society, 124 Fed. 113, .59 C. C. A. 593, 63 L. R. A. 416; Bransom v. Labrot, 81 Ky. 638, 5 Ky. L. R. 827; 50 Am. Rep. 193; Louisville Gas Co. v. Gutenkuntz, 82 Ky. 432, 6 Ky. L. R. 464; Davis v. Chicago, Milwaukee & St. Paul R. Co., 93 Wis. 470, 67 N. W. 16, 1132, 33 L. R. A. 654; 57 Am. St. Rep., 935; Wood v. Pennsylvania R. Co., 177 Pa. 306, 35 Atl. 699, 35 L. R. A. 199, 55 Am. St. Rep. 728; Dickson v. Omaha & St. L. Ry. Co. (Mo. Sup.), 27 S. W. 476, 25 L. R. A. 320, 46 Am. St. Rep. 429; Western Ry. v. Mutch (Ala.), 11 South 894, 21 L. R. A. 316; 38 Am. St. Rep. 179; Gonsales v. City of Galveston (Tex. Sup.), 19 S. W. 284, 31 Am. St. Rep.; Reid v. Evansville R. Co. (Ind. App.), 35 N. E. 703, 33 Am. St. Rep. 391; Huber v. La Crosse City Ry. Co. (Wis.), 66 N. W. 708, 31 L. R. A. 583, 53 Am. St. Rep. 940; Burger v. Missouri Pacific Ry. Co. (Mo. Sup.), 20 S. W. 439, 34 Am. St. Rep., 379; Am. & Eng. Ency. of Law, vol. 16; Gilson v. Delaware & Hudson Canal Co. (Vt.), 26 Atl. 70, 36 Am. St. Rep. 802; Watson, Damages for Personal Injuries, sections 28, 58."

See also Louisville Home Telephone Co. v. Gasper, 123 Ky. 128; City of Lawrenceburg v. Lay, 149 Ky. 490; Paducah Light & Power Co. v. Parkman's Admr., 156 Ky. 197.

The allegation that the plaintiff was invited upon the right of way by Fossitt, the company's agent, does not strengthen the case, for the reason, that although

the act of leaving the spike in the cross-tie be treated as constituting negligence, the company would not be liable for this remote negligence where the injury resulting therefrom might not have been reasonably foreseen, or anticipated by a person of ordinary prudence to flow from and be the natural and probable consequence of the first negligence or wrongful act.

So far, we have considered the case under the view presented by appellant's attorney, that Gosney was invited upon the track by Fossitt. Under a fair and reasonable interpretation of the petition, however, it is apparent that Gosney was really upon the track upon his own business, of selling a strip of land to the company, and not as the invited guest of the company. Under neither view, however, did he state a cause of action.

Judgment affirmed.