HOBSON, Justice.
This appeal is prosecuted from a verdict and judgment in favor of the plaintiff-ap-pellee entered in a suit brought by plaintiff to recover for personal injuries alleged to have been sustained by reason of the negligence of the defendant-appellant.
The plaintiff at the time of the injury was employed by the Federal Government as a mail carrier, and as a part of his duties was required to load the mail on defendant’s trains. He was injured when, at 10 o’clock at night, he threw the mail bag on the mail car of one of defendant’s trains before it came to a halt and, in turning to leave the tracks, stepped on a rock which caused him to lose his balance and fall. The train rolled over his left arm, severing it above the- elbow. The negligence charged to the defendant is that it “negligently and carelessly allowed some large rocks to accumu *563 late between the tracks in the area where the mail car usually stopped and where plaintiff [appellee] loaded the mail, in such a manner that said rocks created a hazzard [sic] to anyone walking- through that particular area.”
The defendant filed a motion for a directed verdict at the close of the plaintiff’s case and again at the close of all the evidence. It is the trial judge’s denial of a directed verdict which the defendant-appellant here asserts as error.
There was evidence that limestone rock had accumulated between the tracks at the point where the plaintiff slipped and fell, which limestone rock had collected as a result of unloading a car containing such substance while said car was standing on a side track. It was also shown that it was common for ballast rock, which is ordinarily used by railroads in track maintenance, to overflow and collect between the tracks. The plaintiff had delivered mail to the station and' loaded it upon the train for six months prior to going into the Army; and upon his return he resumed the job and continued in it for a further period of one year prior to his injury. The car containing the limestone rock had been in the process of being unloaded for about a week prior to the accident, and plaintiff testified that he had seen the limestone rocks and that he “would kick them out of my way occasionally.”
It was uncontroverted that a loading crane was súpplied for use in loading the mail onto the train on those occasions when it was-not required to stop at this particular station. The plaintiff testified that, on this specific evening, he had been advised that the train would stop to pick up a corpse, and that the train usually stopped for about fifteen minutes under these' circumstances. His reason for throwing the mail-bag on the mail oar before the train came to a halt was that he had “seen them run passed [sic] bodies and everything else and run a mile down the road there, and I wanted to get my mail on.”' Later, he testified that, even though he knew he would have fifteen minutes in which to get the ‘mail on the train after it stopped, he wanted to get his mail on in a hurry so that he could help them load the body on the train, which act was not one of his duties as a mail carrier.
The question here is simply whether the evidence, when interpreted in the light most favorable to. the plaintiff, was sufficient to require a submission to the jury of the question of the defendant’s liability, since the statutory provisions relating to comparative negligence and presumption of negligence are not here applicable.
In view of the fact that it is routine practice in railroading to support the rails and cross-ties with ballast rock, some of which is bound to overflow onto the space between the tracks, it is at least doubtful that “reasonable care” required the defendant to make sure that at no time was there an accumulation of ballast rock between the tracks at this particular point; similarly, the presence, in addition, of limestone rock does not necessarily mean that the defendant was negligent in failing to remove it. As stated in Gosney v. Louisville & N. R. Co., 169 Ky. 323, 183 S.W. 538, 541, L.R.A. 1916E, 458: “A railroad track is not constructed for pedestrians; and when they use it, either, as trespassers or by invitation, they use it i,n its character of a railroad track, and not as a sidewalk or pavement made of asphalt or concrete, for the use of pedestrians.”
But even if it be assumed that the jury had the right to find that the defendant was negligent in failing to remove the limestone rock under the circumstances here present (which we do not decide), the facts here are such as to relieve the defendant of its liability, if any. The plaintiff knew the ballast rock was there; -he knew the limestone rock was there; he knew the train would stop for fifteen minutes to load the dead body. It is apodictic that his injury would not have occurred, had he waited until the train had stopped -before loading the mail. Instead of doing so, however, he voluntarily assumed any risk involved in loading the mail on the train while it was still moving, for his own -purposes, and when he was not required to do so in order to accomplish the object for which he was on the *564 defendant’s premises as a “business invitee.” Under such circumstances we think that reasonable men in the exercise of an impartial judgment could hold only that the plaintiff’s own act constituted such negligence as would bar a recovery, and it was therefore error to refuse to direct a verdict in "favor of the defendant.
Accordingly, the judgment appealed from should be and it is hereby
Reversed.
TERRÉLL, Acting C. J., and THOMAS and SEBRÍNG, JJ.,' concur.