502 So.2d 894 (1987)
John J. VASQUEZ, Petitioner,
v.
BANKERS INSURANCE COMPANY, Respondent.
No. 68530.
Supreme Court of Florida.
February 5, 1987.
J. Mark Maynor of Beverly & Freeman, West Palm Beach, for petitioner.
David F. Crow of Paxton, Crow & Bragg, P.A., West Palm Beach, and Milton A. Gasoi, Delray Beach, for respondent.
PER CURIAM.
This case is before the Court on petition for review of a district court of appeal decision. Because the district court certified that its decision passed upon a question of great public importance, we have jurisdiction to provide review. Art. V, § 3(b)(4), Fla. Const.
The certified question is set forth as follows:

*895 Does a second signature on an insurance application affixed below a separate paragraph rejecting [uninsured motorist] coverage written in bold print and in plain and unambiguous language, conclusively demonstrate a knowing rejection absent extraordinary circumstances not deemed to be present in the case at bar?
Bankers Insurance Co. v. Vasquez, 483 So.2d 440, 443 (Fla. 4th DCA 1985). We answer this question in the affirmative and approve the decision of the district court of appeal.
In this case Beverly Moore and her son, Timothy, applied for insurance when purchasing a motorcycle. The application papers stated that uninsured motorist coverage with specified limits of liability would be included in the policy at a stated premium unless an express rejection of such coverage was signed. The Moores signed a separate paragraph which specifically rejected uninsured motorist coverage in the following language:
Rejection of Uninsured Motorist (Family Protection)
The undersigned insured and the Bankers Insurance Company agree that in accordance with the provision of Florida Insurance Code, Section 627.727 part X of Chapter 627, which permits the insured named in the policy to reject the uninsured motorists (family protection) coverage, the undersigned insured does hereby reject such coverage, being the coverage provided for the protection of persons insured under this policy who would be legally entitled to recover damages from the owner or operator of an uninsured motor vehicle because of bodily injury, sickness or disease, including death resulting therefrom.
Subsequently, Timothy Moore was involved in an accident while carrying petitioner John J. Vasquez as a passenger. Vasquez filed suit against respondent, Bankers Insurance Company, seeking to recover uninsured motorist benefits pursuant to the insurance policy issued to the Moores. Bankers Insurance raised as one of its affirmative defenses that the Moores had rejected uninsured motorist coverage. At the trial, Mrs. Moore testified that she was not educated in insurance matters, that she thought she had full insurance coverage, and that she thought uninsured coverage meant no coverage. At the conclusion of petitioner's case, Bankers Insurance moved for a directed verdict on the issue of uninsured motorist coverage. The trial court denied the motion and submitted the issue to the jury which returned a verdict finding that the Moores had not made an informed, knowing rejection of uninsured motorist coverage. Bankers Insurance filed post-trial motions for judgment notwithstanding the verdict and for new trial, both of which were denied.
Bankers Insurance appealed to the District Court of Appeal, Fourth District, which reversed concluding that the motion for a directed verdict should have been granted. The district court determined that previous Third District Court of Appeal decisions, Alejano v. Hartford Accident and Indemnity Co., 378 So.2d 104 (Fla. 3d DCA 1979), and Lopez v. Midwest Mutual Ins. Co., 223 So.2d 550 (Fla. 3d DCA 1969), held "that one who signs his name to an instrument rejecting uninsured motorist coverage cannot escape the consequences of his signature by alleging he did not understand or read the form, unless he shows facts indicating that he was prevented from reading it." Bankers Insurance Co. v. Vasquez, 483 So.2d at 440. However, the district court went on to state that since subsequent cases have created doubt on this issue, the issue was deemed to be of great public importance.
Petitioner relies on our decision in Kimbrell v. Great American Insurance Co., 420 So.2d 1086, 1088 (Fla. 1982), in which we stated that the "question of whether an insured has knowingly rejected uninsured motorist coverage ... is an issue to be decided by the trier of fact." In that case the issue was whether the insurer offered uninsured motorist coverage in the same amount as the bodily injury liability coverage. There was no written rejection. The insurer's motion for summary judgment on *896 the ground that the insured had knowingly rejected greater coverage by selecting lower coverage was denied. The issue was submitted to a jury which found that the insured had knowingly selected uninsured motorist coverage for a lesser amount than the insured was required to make available. Since there was a dispute as to whether the insured knowingly rejected uninsured motorist coverage in the amount of liability coverage, we simply applied the fundamental concept that the resolution of disputes involving factual issues is in the province of the trier of fact. We did not intend to overrule the line of cases holding that a defendant's motion for directed verdict should be granted when the evidence interpreted in the light most favorable to the plaintiff clearly establishes as a matter of law that the plaintiff is not entitled to relief. See, e.g., Atlantic Coast Line R. Co. v. Savary, 64 So.2d 562 (Fla. 1953).
In this case, there was no evidence supporting petitioner's contention that the Moores did not knowingly and voluntarily reject uninsured motorist coverage. Here the insurer did everything possible to notify persons making application for motor vehicle insurance of the consequences of rejecting uninsured motorist coverage. The application, which is published in full in the district court's opinion at 483 So.2d 441-42, specifically provided in paragraph five that uninsured motorist coverage must be included unless a rejection is signed below. Below that, in paragraph eight, the above quoted language explained the consequences of rejecting uninsured motorist coverage. Mrs. Moore's signing of this unequivocal, unmistakable and plainly worded paragraph clearly establishes a knowing and willing rejection of uninsured motorist coverage. Mrs. Moore's failure to take the time to read and understand what she was signing is not an extraordinary circumstance justifying submission to the jury the issue of whether her rejection was knowing and voluntary. There was no evidence presented indicating that she was tricked or forced into signing this paragraph against her will. Absent any evidence establishing that the Moores did not knowingly and voluntarily sign the rejection form, the trial court erred in not granting the motion for directed verdict.
Hence we agree with the district court that Bankers Insurance Company's motion for a directed verdict on the issue of uninsured motorist coverage should have been granted. We answer the certified question in the affirmative and approve the decision of the district court of appeal.
It is so ordered.
McDONALD, C.J., OVERTON, EHRLICH, SHAW and BARKETT, JJ., and ADKINS, J. (Ret.), concur.