400 So.2d 115 (1981)
Guillermo DEL PRADO, et al., Appellants,
v.
LIBERTY MUTUAL INSURANCE COMPANY, Appellee.
No. 79-2573.
District Court of Appeal of Florida, Fourth District.
June 17, 1981.
Edward A. Perse of Horton, Perse & Ginsberg, and R.K. Estes, Miami, for appellants.
Magill & Reid, P.A., Palm Beach, and Edna L. Caruso, West Palm Beach, for appellee.
BERANEK, Judge.
Appellant was defendant below in a declaratory decree action brought by the plaintiff/insurance carrier on the issue of uninsured motorist coverage. After a non-jury trial, the court determined that no uninsured motorist coverage was provided by the policy. Defendant appeals and we affirm.
The facts are undisputed. Liberty Mutual Insurance Company issued a liability insurance policy to Talisman Sugar Company designed to cover various independent contractors who were contract haulers of sugar cane. These contract haulers, pursuant to a written agreement with Talisman, provided *116 their own trucks and drivers and paid for insurance coverage on these trucks. In accordance with this agreement, Talisman was to procure the insurance coverage naming both the haulers and Talisman as insureds and the contract haulers paid for the coverage by a deduction plan. Talisman had such an agreement with Angel Ruiz for cane hauling. Mr. Ruiz hired Mr. Prado as his truck driver and on June 18, 1976, Mr. Prado was involved in an accident with an allegedly negligent uninsured motorist. Prado demanded arbitration of his claim for uninsured motorists benefits under the Liberty policy. Liberty Mutual in turn sued Prado for a declaratory decree seeking a declaration that the policy provided no uninsured motorists coverage. The trial court ruled for plaintiff finding no coverage and we affirm.
Prado did not file an answer to the complaint for declaratory decree until the day of trial. When the case was called, plaintiff moved for a default but the trial court allowed the case to proceed based upon the stipulation that the defendant's answer constituted no more than a general denial and that there were no affirmative defenses to be tried. Prado presented no evidence other than cross-examination of plaintiff's witnesses. Prado did not sue to enforce any contractual duties between Talisman and Ruiz, who were not parties to this litigation. Prado contends on appeal that Talisman had a contractual duty to provide uninsured motorist coverage but no suit or counter-claim to this effect was filed and we do not pass on the question herein.
Appellee, Liberty Mutual, presented testimony from two representatives of Talisman Sugar Company, one being an experienced insurance agent in its employ who worked directly in placing the coverage, and from one Liberty Mutual representative. All of the plaintiff's evidence was to the effect that uninsured motorists coverage was not wanted by the insured, Talisman, and that said coverage was knowledgeably rejected. It is clear from the evidence adduced at trial that Talisman did not desire uninsured motorist coverage although, at the time of trial plaintiff did not produce evidence of a formal written rejection or any written memoranda supporting the fact of rejection of the coverage. On the basis of this evidence, the trial court concluded that uninsured motorist coverage had been rejected and entered judgment accordingly.
Defendant asserts a written rejection is an absolute necessity and that in the absence of such a document the policy must be held to provide uninsured motorist coverage as a matter of law. Under the circumstances of this case, we disagree. The named insured agrees with the insurance company that no uninsured motorist coverage existed here. The named insured did not want uninsured motorist coverage at the time of the issuance of the policy and steadfastly maintained its position that it did not desire such coverage at the time of trial nor in the future. The situation might be entirely different if the named insured, Talisman Sugar Company, was insisting upon its right to have rejected uninsured motorist coverage in writing. However, if there is a statutory or other administratively imposed obligation to secure a written rejection, certainly the named insured can waive this requirement which was designed for its protection. Statutory rights can be waived. Abell v. Boynton, 95 Fla. 984, 117 So. 507 (Fla. 1928). If the named insured were here asserting the existence of coverage it might insist on its own written rejection. Here defendant was a stranger to the negotiations leading to the policy.
Appellant contends the absolute requirement of a written rejection is supported by Section 627.727(1), Florida Statutes (1971), and State Insurance Department Bulletin 586 as recently upheld in Harris v. United States Fidelity & Guaranty Company, 569 F.2d 850 (5th Cir.1978). Appellant also relies upon Decker v. Great American Insurance Company, 392 So.2d 965 (Fla.2d DCA 1981). We are aware that the Florida courts differ on the necessity for a written rejection. See Decker, supra, at page 968, and cases there cited in support of an absolute written rejection requirement. On the other hand, Glover v. Aetna *117 Insurance Company, 363 So.2d 12 (Fla. 1st DCA 1978), holds that an oral rejection of uninsured motorist coverage may be effective. In the instant case, there is no question that the named insured made an informed rejection of uninsured motorist coverage. Further, the person claiming coverage here was merely a permissive user of an insured vehicle, and we conclude that such a person cannot complain of technical deficiencies regarding the securing or retention of a written memorandum demonstrating the fact of rejection. We do not view the aforementioned Insurance Bulletin 586 as applicable or controlling under these circumstances where there is no dispute between the carrier and the contracting insured as to the absence of coverage. We conclude the trial court correctly held that plaintiff established an absence of coverage. The judgment below is therefore affirmed.
AFFIRMED.
LETTS, C.J., and MOORE, J., concur.