406 So.2d 1261 (1981)
LIBERTY MUTUAL INSURANCE COMPANY, Appellant,
v.
Roosevelt WRIGHT, Appellee.
No. 80-1114.
District Court of Appeal of Florida, Fourth District.
December 9, 1981.
Sam Daniels of Daniels & Hicks, Miami, and Law Offices of Raymond V. Perosino, Fort Lauderdale, for appellant.
Larry Klein, West Palm Beach, and DiGiulian, Spellacy & DiChiara, Fort Lauderdale, for appellee.
MOORE, Judge.
Liberty Mutual Insurance Company, the defendant below, appeals from a final summary judgment in a declaratory action determining that it provided uninsured motorist coverage for injuries sustained by Roosevelt Wright, the appellee, in an automobile accident with an uninsured motorist. Liberty Mutual had issued an insurance policy to Alpine Motors, Inc., the owner of the vehicle driven by Wright. The trial court granted the summary judgment because Liberty Mutual failed to maintain in its files a written rejection of uninsured motorist coverage. We reverse because a written rejection, under the facts of this case, is unnecessary.
Liberty Mutual had issued a policy of insurance to Alpine Motors, affording it $250,000/$500,000 liability coverage for the one year period between May 15, 1976 and May 15, 1977. The policy, as written, afforded no uninsured motorist coverage. On November 5, 1976, the automobile collision took place.
In her deposition, Louise Wilkins, a records custodian for Liberty Mutual, testified that she sent an uninsured motorist "rejection of insurance form" to Alpine's comptroller on May 17, 1976. On June 7, 1976, she telephoned the comptroller concerning the rejection form. The comptroller told her that he had signed and returned the *1262 form the previous week. She did not, however, have the signed copy in her files. Nevertheless, the sales file contained the following letter from Alpine Motors, dated January 9, 1978:
 Liberty Mutual Insurance Co.
 1582 East Commercial Boulevard
 Fort Lauderdale, Florida 33334
Gentlemen:
`We (Alpine Motors, Inc.) rejected the uninsured motorist coverage as offered effective 5-15-76.
The attached uninsured motorist form is to replace the form that we signed on or about 5-15-76. Said form now misplaced.
It was our intent at that time to reject uninsured motorist coverage as of 5-15-76, and continuing throughout the term of our policy.'
 Barbara H. Thompson
 Barbara H. Thompson
 Comptroller
Section 627.727(1) Florida Statutes (1975), requires an insurance carrier to write uninsured motorist coverage in an amount equal to the level of liability insurance coverage selected unless the named insured rejects such uninsured motorist coverage. Recently, this court held that where there is no dispute between the insurance carrier and the contracting insured as to the absence of coverage, a written rejection is not required. Del Prado v. Liberty Mutual Insurance Company, 400 So.2d 115 (Fla. 4th DCA 1981). In the present case, the named insured, Alpine Motors, Inc., as well as the insurer, maintained that uninsured motorist coverage was rejected. Consequently, Wright, a stranger to the negotiations leading to the policy, cannot insist on a written rejection.[1] See Del Prado v. Liberty Mutual Insurance Company, supra.
The trial court, therefore, erred by finding uninsured motorist coverage due to the absence of a written rejection.
Accordingly, we reverse the final summary judgment.
REVERSED.
LETTS, C.J., and DOWNEY, J., concur.
NOTES
[1] This court in Del Prado did not rule on whether a rejection must be in writing where the named insured insists upon a written rejection. Consequently, we also find it unnecessary to reach that question in the present case.