489 So.2d 1157 (1986)
COMPASS INSURANCE COMPANY and International Insurance Company, Appellants,
v.
Judy A. WOODARD and Robert A. Woodard, Her Husband, Appellees.
Nos. 84-2690, 84-2736.
District Court of Appeal of Florida, Fourth District.
May 7, 1986.
Rehearing and Rehearing Denied July 3, 1986.
Edna L. Caruso and Phillip Burlington of Edna L. Caruso, P.A., and John Bulfin, West Palm Beach, for appellant  Compass.
Marjorie Gadarian Graham of Jones & Foster, P.A., West Palm Beach, for appellant  International.
*1158 Larry Klein of Klein & Beranek, P.A., and Mathison & Deckert, West Palm Beach, for appellees.
Rehearing and Rehearing En Banc Denied July 3, 1986.
LETTS, Judge.
Before us is yet another automobile accident case involving uninsured motorist coverage. The trial court held, by way of declaratory judgment, that the attempted rejection of such coverage did not comply with section 627.727(1), Florida Statutes (1983), and that therefore uninsured coverage was available up to the limit of the liability coverage. We reverse.
The injured driver, who here defends the invocation of uninsured coverage equal to the bodily injury liability limit in the policy, is not the named insured. The insured is a corporate employer and the injured driver an employee. The corporate employer's president testified that he knowingly selected the lower limit of $20,000 in uninsured coverage, aware of all his options and did so because he wanted to cut expenses. Nonetheless, the record reflects that there were technical deficiencies associated with the choice of the lower limit in the uninsured coverage because the insurance company failed to comply with the annual notice requirement set forth in the statute.
As we see it, the injured driver is a permissive user and has no standing to object to improper procedures surrounding knowing rejection by the named insured. We are bound by several Fourth District cases which have made that abundantly clear. Del Prado v. Liberty Mutual Insurance Co., 400 So.2d 115 (Fla. 4th DCA 1981), pet. for review dismissed, 407 So.2d 1105 (Fla. 1981); Liberty Mutual Ins. Co. v. Wright, 406 So.2d 1261 (Fla. 4th DCA 1981), pet. for review denied, 413 So.2d 877 (Fla. 1982); and Kimbrell v. Great American Ins. Co., 428 So.2d 254 (Fla. 4th DCA 1981). More compellingly, the Supreme Court appears to have said the same thing in Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla. 1982).
The injured driver argues that all of the foregoing cases are rejection cases, whereas the case at bar merely involves a failure by the insurance company to comply with the statutory annual notice provision. However, as we see it, the principle is the same. All of the cited cases involve (1) a named insured who knowingly chose not to have uninsured motorist coverage equal to the liability limit, and (2) a permissive user trying nevertheless to activate uninsured coverage equal to the liability limit. Likewise, in the case at bar, the named insured enthusiastically agrees it knowingly chose only $20,000 in uninsured coverage while the injured employee seeks to increase that coverage to $1,000,000.
In reaching our conclusion, we are not unaware of the facts set forth in the Supreme Court version of Kimbrell v. Great American Ins. Co., 420 So.2d 1086 (Fla. 1982) which also featured an employee driver. However, the question of standing, for whatever reason, was apparently not at issue in that opinion. If we are mistaken, which in the light of Whitten v. Progressive Casualty we should not be, the Supreme Court can readily accept jurisdiction of this particular decision and reverse us.
Having thus concluded that the injured employee has no standing, there is no need for us to decide the other issues presented herein. This cause is reversed and remanded with instructions to enter an amended final declaratory judgment which limits the uninsured motorist coverage to $20,000.
REVERSED AND REMANDED.
HERSEY, C.J., and DELL, J., concur.