504 So.2d 14 (1987)
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Appellant,
v.
Scott G. SMITH, Appellee.
No. 86-636.
District Court of Appeal of Florida, Second District.
January 28, 1987.
Rehearing Denied March 11, 1987.
A.H. Lane and Donald G. Jacobsen of Lane, Trohn, Clarke, Bertrand & Williams, P.A., Lakeland, for appellant.
Eugene W. Harris of Smith, Cassidy, Platt & Harris, P.A., Lakeland, for appellee.
GRIMES, Acting Chief Judge.
This is an appeal from a partial judgment determining that appellee (Smith) was entitled to uninsured motorist coverage under a policy issued by appellant (St. Paul) to the City of Avon Park.
*15 The case was tried before the court on depositions and a stipulation of facts. It appears that on April 30, 1981, Smith, who was employed by the city as a police officer, was injured in an accident with an uninsured motorist while operating a police cruiser owned by the city. The city's vehicle was covered by a fleet motor vehicle liability policy issued by St. Paul. The policy did not contain uninsured motorist coverage, and the issue before the court was whether there had been a valid rejection of uninsured motorist coverage by the city.
Malcolm Crews, the city clerk and treasurer since 1963, met with a St. Paul agent in 1978 for the purpose of obtaining fleet insurance coverage for the city's motor vehicles. At that time, Crews, on behalf of the city, obtained liability insurance with limits of $100,000/$300,000 and executed a written rejection of uninsured motorist coverage. Thereafter, the liability coverage was increased to a single limit of $350,000 and then $500,000, but no additional written rejections of uninsured motorist coverage were signed. Crews testified that each time the limits were increased he was aware of the availability of uninsured motorist coverage and that he had discussed this with the agent who had written the policy. He insisted that the city did not wish to purchase uninsured motorist coverage. While there was evidence that it was the practice of St. Paul to furnish the city a notice advising of the availability of uninsured motorist coverage equal to the liability limits, no such written notices could be found in the city's file. The court concluded they had not been furnished. The court held that there were no valid rejections of the uninsured motorist coverage subsequent to 1978 and ruled that Smith, as the permissive user of the city's vehicle, was entitled to uninsured motorist coverage up to the limits of $500,000.
The statutory requirement to reject uninsured motorist coverage in writing is not applicable because it did not become effective until 1982. See Kimbrell v. Great American Insurance Co., 420 So.2d 1086 (Fla. 1982). However, in 1980, section 627.727, Florida Statutes (1981), was amended to provide for annual notification of the named insured of his options concerning the right to purchase uninsured motorist coverage. Ch. 80-396, Laws of Fla. Since there was evidence to support the court's conclusion that this requirement was not followed and the policy was issued with increased liability limits in 1981 prior to the accident, we must address the significance of that omission. We agree with our sister court that permissive users, such as Smith, cannot complain of the insurer's failure to comply with the annual notice requirement of section 627.727. Compass Insurance Co. v. Woodard, 489 So.2d 1157 (Fla. 4th DCA 1986). See also Del Prado v. Liberty Mutual Insurance Co., 400 So.2d 115 (Fla. 4th DCA), petition for review dismissed, 407 So.2d 1105 (Fla. 1981) (permissive user cannot complain of technical deficiencies in rejection of uninsured motorist coverage).
This does not necessarily mean that Smith had no standing to assert that the city failed to make a knowing rejection of uninsured motorist coverage. However, Crews testified that he was aware of the availability of the uninsured motorist coverage and made an affirmative rejection of it on behalf of the city because of its cost. The agent corroborated this position, and there was no testimony to the contrary. Therefore, the evidence is undisputed that the city had made a knowing rejection.
We reverse the partial judgment and remand the case for entry of a judgment in favor of St. Paul.
LEHAN and HALL, JJ., concur.