PER CURIAM.
This matter has come before us for review of a partial summary final judgment in favor of Robert Durgin Rockwell, appel-lee, in a personal injury action in which the trial court found that the insured knowingly rejected uninsured motorist insurance, but not in writing. Appellee, on April 6, 1985, rented an automobile from Alamo Rent-A-Car (Alamo) pursuant to a rental agreement. On the same day, appellee was involved in a collision with a car driven by Thomas P. Woodward. Rockwell’s wife, a passenger in the rental automobile, was injured in the accident and, as a result, died one month later. Rockwell sustained less severe injuries.
Rockwell filed a complaint to recover damages from Woodward (the driver), Hartford Insurance Company (Woodward’s insurer), Arnica Mutual Insurance Company (Rockwell’s insurer), Liberty Mutual Insurance Company (Alamo’s primary insurer), and several of Alamo’s excess insurers, including appellants Columbia and Admiral.
We are only concerned with Columbia and Admiral in this appeal. Each of Alamo’s insurers denied that uninsured motorist (UM) coverage was available to Rockwell under any of their policies because Alamo had rejected UM coverage. The Liberty policy contained a written rejection of UM coverage.
Endorsement No. 12 of the Admiral policy provided: “It is agreed that no insurance is afforded hereunder for either Uninsured Motorist or No-Fault Auto coverage....”
The Columbia policy contained no written rejection of UM coverage or any language relating to UM coverage. However, the Columbia policy was an excess third-party liability policy which was a “following form” policy. In essence, a following form policy incorporates and adopts the conditions of the policy of insurance immediately preceding it. The Columbia policy provided: “The provisions of the immediate underlying policy are incorporated as a part of this policy....” The Columbia policy followed the coverages and exclusions of the Admiral Policy, including Endorsement No. 12, which, in turn, followed the coverages and exclusions of the primary insurer, Liberty Mutual.
In addition, paragraph four of the rental agreement between Rockwell and Alamo provided:
Renter as an insured under the insurance policy covering said vehicle agrees to be and is bound by such terms, conditions, limitations and restrictions of said policy which are hereby incorporated by reference and made a part of this Rental Agreement.... Company has rejected uninsured motorist coverage in states in which such rejection is allowed and Renter acknowledges and joins in said rejection. ...
Although the trial court ruled that section 627.727, Florida Statutes (1983), did not require a signature by the named insured to a written rejection of UM coverage, it nevertheless found that Alamo had not rejected UM coverage in writing. This was error. Endorsement No. 12 of the Admiral policy; which was also included in *248 the Columbia policy, is a writing clearly rejecting UM coverage. The rental agreement also included a written rejection of the UM coverage. We hold that this was sufficient to meet the requirement of a writing and, therefore, a signature was not needed.[1] Del Prado v. Liberty Mutual Insurance Co., 400 So.2d 115 (Fla. 4th DCA), pet for rev. denied, 407 So.2d 1105 (Fla.1981). We find nothing in the requirements of section 627.727 that invalidates a written rejection that is subsequent to the effective date of the insurance policy and prior to any claim for UM coverage thereunder.
We, therefore, reverse the partial summary final judgment in favor of Rockwell and remand for further proceedings consistent with this opinion.
CAMPBELL, A.C.J.,* and HALL and THREADGILL, JJ., concur.

. The parties stipulated in the trial court that section 627.727 is the operative statute. The amendments to that section enacted by chapter 84.41, Laws of Florida (1984), are not pertinent to this appeal. Specifically, those amendments relate to the establishment of a conclusive presumption regarding rejection or selection of lower limits of uninsured motorist coverage when there is a "signed” form of rejection, and to the exemption of nonprimary liability insurers from the requirements of section 627.727(1).