516 So.2d 112 (1987)
Todd GAST, Appellant,
v.
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellee.
No. 87-80.
District Court of Appeal of Florida, Fifth District.
December 10, 1987.
Charles T. Wells of Wells, Gattis, Hallowes & Carpenter, P.A., Orlando, for appellant.
Stephen W. Beik and Michael M. Bell of Hannah, Marsee, Beik & Voght, P.A., Orlando, for appellee.
COBB, Judge.
The issue in this case is whether the trial court properly determined that the total uninsured motorist coverage available to *113 appellant, Todd Gast, under a policy issued by appellee, Nationwide Mutual Fire Insurance Company (Nationwide), was $20,000.
Gast, an employee of Bill Knapp's Michigan, Inc. (Knapp), was injured while driving a company vehicle in the course and scope of his employment. A business automobile insurance policy issued by Nationwide to Knapp covered the vehicle and provided for $500,000 bodily injury liability coverage and $20,000 in uninsured motorist (u.m.) coverage.
Nationwide sought declaratory relief to determine the total amount of uninsured motorist coverage available. Gast claimed that the $20,000 limit was not effective since the higher u.m. limit was not properly rejected in writing as required by section 627.727(1), Florida Statutes (1985). The trial court disagreed and entered a final declaratory judgment, finding that the total possible uninsured motorist coverage was $20,000.
The trial court's determination is correct since Gast does not have standing to raise the absence of a written rejection as a basis for increased policy limits. Permissive users, such as Gast, cannot complain of the insurer's failure to comply with the written notice requirements of the statute. See DelPrado v. Liberty Mutual Insurance Company, 400 So.2d 115 (Fla. 4th DCA), review dismissed, 407 So.2d 1105 (Fla. 1981); St. Paul Fire & Marine Insurance Company v. Smith, 504 So.2d 14 (Fla. 2d DCA 1987); Compass Insurance Company v. Woodard, 489 So.2d 1157 (Fla. 4th DCA), review denied, 500 So.2d 546 (Fla. 1986): Liberty Mutual Insurance Company v. Wright, 406 So.2d 1261 (Fla. 4th DCA 1981), review denied, 413 So.2d 877 (Fla. 1982); see also Whitten v. Progressive Casualty Insurance Company, 410 So.2d 501 (Fla. 1982) (while not expressly addressing the issue of standing, the supreme court held that the only person authorized to reject u.m. coverage under the statute is the named insured, with such rejection binding on any additional insured).
In the instant case, the stipulation of the parties,[1] as well as the affidavit from the executive vice president of Bill Knapp's, shows that the decision to purchase only $20,000 in u.m. coverage was intentional and knowing, based on business considerations. It is clear from the record that Knapp has never sought higher uninsured motorist coverage; only the permissive user, Gast, has sought higher limits. The fact that Gast lacks standing to do so is dispositive of this appeal. The trial court was correct in determining that only $20,000 in coverage was present. Accordingly, the order entered below is
AFFIRMED.
DAUKSCH and ORFINGER, JJ., concur.
NOTES
[1] The signed stipulation of the parties provided in part as follows:

8. That representatives of Bill Knapp's Michigan, Inc., intentionally, orally selected uninsured motorist coverage with limits set forth in the policy.
9. That representatives of Bill Knapp's Michigan, Inc., did not select the lower uninsured coverage limits, or reject uninsured motorist coverage with limits equal to the bodily injury limits of the policy on a form approved by the Insurance Commissioner.