543 So.2d 776 (1989)
FEDERAL INSURANCE COMPANY, Appellant,
v.
Claude Windall NORRIS, Appellee.
No. 88-542.
District Court of Appeal of Florida, First District.
March 23, 1989.
Rehearing Denied May 26, 1989.
Marguerite H. Davis of Katz, Kutter, Haigler, Alderman, Eaton & Davis, Tallahassee, for appellant.
Scott Fortune, Jacksonville, for appellee.
WENTWORTH, Judge.
Appellant seeks review of an order by which appellee was awarded uninsured motorist benefits pursuant to a policy of insurance between appellant and appellee's employer. We find that appellee was properly allowed to contest appellant's assertion that such coverage had been rejected. We also find that the evidence is sufficient to support the jury verdict. And while expert *777 testimony may have encompassed an opinion as to the ultimate issue presented to the jury, in the context of this case any error in this regard was harmless. We therefore affirm the order appealed.
Appellee was injured in a vehicular collision while driving his employer's tractor-trailer truck. After recovering from the other vehicle's insurer appellee sought uninsured motorist benefits from appellant, in accordance with the higher coverage limit under the policy of insurance between appellant and appellee's employer. Appellant asserted that such coverage had been rejected by appellee's employer for the vehicle which appellee was driving.
At trial evidence was presented as to the details of the insurance proposal submitted by appellee's employer, and the contract ultimately negotiated with appellant. It was indicated that appellee's employer may have desired uninsured coverage only for certain vehicles. Testimony was presented that appellee's employer was informed as to the uninsured coverage options. But the employer did not reject such coverage on the written coverage selection form. This document contains notations by the employer accepting uninsured coverage both in an amount equal to the policy limit, and in a lesser amount. The document does not distinguish between vehicles.
An underwriter and an adjuster testified as to the use and effect accorded to the written selection form. The adjuster was qualified as an expert with regard to automobile insurance policies. This witness explained the relationship of the written selection form to the other documents. He was allowed to express an opinion, over objection, that the contract provides uninsured motorist coverage in accordance with the liability limit of the policy. To the extent that this opinion had the effect of advising the jury how to decide the case, rather than assisting it in determining what had occurred, the testimony should not have been admitted. See Town of Palm Beach v. Palm Beach County, 460 So.2d 879 (Fla. 1984); 3M Corp.  McGhan Medical Reports v. Brown, 475 So.2d 994 (Fla. 1st DCA 1985). But this testimony did not become a featured aspect of the trial and the jury did not directly address the broad issue of coverage as phrased by the expert. The jury was provided with a special verdict form as to whether appellee's employer had been made aware of the uninsured coverage options, and if so whether the employer had rejected such coverage. In rendering its verdict and finding that the employer did not reject uninsured coverage, The jury expressly resolved the predicate questions upon which the expert's ultimate conclusion was based. In these circumstances any error as to the extent of the expert's opinion testimony was harmless.
Appellant contends that appellee should have been precluded from challenging the alleged rejection of uninsured coverage, since appellee was a permissive user of the insured vehicle and not a party to the contract. A mere permissive user may be precluded from asserting certain technical deficiencies as to the manner in which uninsured coverage is rejected. See e.g., Gast v. Nationwide Mutual Fire Insurance Co., 516 So.2d 112 (Fla. 5th DCA 1987); Del Prado v. Liberty Mutual Insurance Co., 400 So.2d 115 (Fla. 4th DCA 1981), rev. dismissed 407 So.2d 1105 (Fla. 1981). But the inability to assert such technical deficiencies does not preclude the consideration of other issues relating to the existence of uninsured motorist coverage. See generally, St. Paul Fire & Marine Insurance Co. v. Smith, 504 So.2d 14 (Fla. 2d DCA 1987), rev. denied 511 So.2d 299 (Fla. 1987). In the present case appellee was not contesting the technical sufficiency of a rejection of coverage. Rather, an issue was presented as to the effect of the written coverage selection form, in the context of the contract transaction between appellee's employer and appellant. Appellee was not required to be a party to the contract to present this issue, and it was properly considered by the jury.
The order appealed is affirmed.
THOMPSON and WIGGINTON, JJ., concur.