PER CURIAM.
Jorge Callard suffered injuries in an accident while operating a vehicle in the course and scope of his employment at Baker Industries/Wells Fargo. National Union Fire Insurance Company, Baker’s insurer, filed this declaratory relief action seeking a judgment that the amount of coverage provided by its uninsured motorist (UM) policy was only $20,000.
Mr. Callard proceeded to arbitrate his claim and was awarded $90,834. Subsequently, argument was heard on National Union’s motion for summary judgment. Based on factual stipulations by National Union and testimony by Gary Gillham, Baker’s Director of Risk Management, the trial court ruled that the insurance policy afforded $20,000 in UM coverage and entered a summary judgment for National Union which reduced the arbitration award accordingly.
Callard appeals claiming that the insured/employer was unable to produce evidence of a formal written rejection of uninsured motorist coverage above $20,000. However, there is competent and substantial evidence that Baker was aware of, and had implicitly rejected, the option to purchase greater coverage. See Del Prado v. Liberty Mut. Ins. Co., 400 So.2d 115 (Fla. 4th DCA), pet. for rev. denied, 407 So.2d 1105 (Fla.1981); Liberty Mut. Ins. Co. v. Wright, 406 So.2d 1261 (Fla. 4th DCA 1981), rev. denied, 413 So.2d 877 (Fla.1982). The statement of the employer’s agent, that there was no written rejection of coverage above the $20,000 amount thought to be statutorily required, did not create a genuine issue of fact on the “knowing rejection” issue.
Affirmed.