COPE, Judge.
Balboa Insurance Company appeals an adverse final judgment determining the amount of uninsured motorist coverage in an automobile insurance policy. We reverse.
Ana Perez was the insured under an automobile policy issued by Balboa. Perez’ father, Jose Orozco, became involved in an altercation with an uninsured tow truck operator who attempted to tow the insured vehicle. Orozco was injured and sought uninsured motorist benefits under the policy. Balboa responded that the uninsured motorist benefits had been rejected by Perez and denied the claim.
Orozco brought a declaratory judgment action to determine coverage. Although not raised by the pleadings, Balboa moved to dismiss at trial, arguing that Orozco had no standing. In response Orozco moved to substitute the named insured, Perez, as party plaintiff. The trial court found that under the circumstances of the case there would be no prejudice to Balboa from the granting of the motion, and allowed the *1301 substitution. After an evidentiary hearing, the trial court found that the insured had not rejected the uninsured motorist coverage and that coverage existed.
Balboa contends on appeal that Or-ozco did not have standing and that the substitution of parties was improper. We disagree. First, Orozco had standing. See Federal Ins. Co. v. Norris, 543 So.2d 776 (Fla. 1st DCA 1989). This is not one of the cases categorized by Judge Letts as involving “(1) a named insured who knowingly chose not to have uninsured motorist coverage equal to the liability limit, and (2) a permissive user trying nevertheless to activate uninsured coverage equal to the liability limit.” Compass Ins. Co. v. Woodard, 489 So.2d 1157, 1158 (Fla. 4th DCA), review denied, 500 So.2d 546 (Fla.1986). Here, the insured at all times contended, as did Or-ozco, that she had not rejected the coverage and that the signatures on the forms had been inserted by the insurer without her consent. The Compass line of cases is not applicable here.
Second, even if there was a standing issue, and even if the issue was properly raised below, there was no prejudice to the insurer occasioned by the order granting substitution of parties. The central issue involved the circumstances of Perez’ purchase of the insurance policy. She had been deposed prior to trial and was the principal • witness at trial. There was no abuse of discretion in allowing the substitution by virtue of which Ms. Perez in essence proceeded for the use and benefit of Orozco. See generally Fla.R.Civ.P. 1.210.
Balboa’s second point on appeal, however, has merit. The incident giving rise to this litigation occurred when personnel from an uninsured tow truck attempted to tow Perez’ insured automobile. The tow truck operator brandished a baseball bat at Orozco’s son-in-law. Orozco attempted to take the bat away, and was struck and knocked down by the tow truck operator, sustaining injuries. Under the principles announced in Race v. Nationwide Mutual Fire Insurance Co., 542 So.2d 347 (Fla.1989), the events complained of were beyond the scope of uninsured motorist coverage. The final judgment must therefore be reversed.