582 So.2d 768 (1991)
Sayed MUHAMMED, Appellant,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 90-2063.
District Court of Appeal of Florida, Third District.
July 16, 1991.
Rehearing Denied August 7, 1991.
James W. Knight, Jr. and John Cruz, Fort Lauderdale, for appellant.
Angones Hunter McClure Lynch & Williams and Christopher Lynch, Miami, for appellee.
*769 Before SCHWARTZ, C.J., and BARKDULL and GERSTEN, JJ.
SCHWARTZ, Chief Judge.
We agree with the decisions in Adams v. Aetna Casualty & Sur. Co., 574 So.2d 1142 (Fla. 1st DCA 1991); Chmieloski v. National Union Fire Ins. Co. of Pittsburgh, Pa., 563 So.2d 164 (Fla. 2d DCA 1990); and Quirk v. Anthony, 563 So.2d 710 (Fla. 2d DCA 1990), that the mere fact that the form actually utilized arguendo departs from the one statutorily provided by section 627.727, Florida Statutes (Supp. 1984) does not preclude a carrier from otherwise demonstrating a knowing rejection of uninsured motorist coverage. On the undisputed facts presented, such a rejection was established below as a matter of law under Vasquez v. Bankers Ins. Co., 502 So.2d 894 (Fla. 1987). See also Rodriguez v. American United Ins. Co., 570 So.2d 365 (Fla. 3d DCA 1990). The summary judgment entered below in favor of the carrier is therefore
Affirmed.