PER CURIAM.
An employer may show a knowing rejection of uninsured motorist coverage above the statutory minimum through the testimony of its business agent and by the insurance application form. See Muhammed v. Allstate Ins. Co., 582 So.2d 768 (Fla. 3d DCA 1991). An injured employee who is a permissive user of the employer’s vehicle for business purposes cannot create a fact issue on the “knowing rejection” question by showing, as countervailing evidence, only that there was no written rejection of uninsured motorist coverage equal to the amount of liability when the policy was renewed. Callard v. National Union Fire Ins. Co., 556 So.2d 1141 (Fla. 3d DCA 1989). We do not reach the choice of law issue because it is clear that the result would be the same under Ohio law. See Poots v. Motorist Ins. Cos., 38 Ohio App.3d 48, 526 N.E.2d 71 (1986).
The summary judgment entered for the carrier is affirmed.