COPE, Judge.
Union American Insurance Company appeals an adverse judgment in an uninsured motorist coverage (“UM”) case. We reverse.
Plaintiff-appellee Juan B. Cabrera was the owner of his own trucking rig, and obtained trucking work through Truck Brokerage By National (“TBBN”). Plaintiff was required to carry liability insurance. He could either purchase his own policy or opt to be covered by TBBN’s business auto policy. Plaintiff chose the TBBN policy which was written by defendant-appellant Union American.
In May 1994, plaintiff was in an accident with an uninsured motorist. He sought UM benefits from under the TBBN policy, but the policy provided no UM coverage.
Plaintiff brought suit for UM benefits, contending that there had been no proper rejection of UM coverage by the named insured, TBBN. See § 627.727(1), Fla. Stat. From a jury verdict in favor of Cabrera, the insurer appeals.
We conclude that the judgment must be reversed on account of faulty jury instructions. The issue in the ease was whether TBBN, the insured named in the policy, see id., had rejected UM coverage. The statute requires a written rejection. See id. However, under the case law it is also permissible for an insurer to “avoid the statutorily required [UM] coverage if it proves that the named insured orally waived the statutory requirement of a written rejection by knowingly selecting a lesser limit or by knowingly rejecting UM coverage.” Chmieloski v. National Union Fire Insurance Co., 563 So.2d 164, 166 (Fla. 2d DCA 1990) (citation omitted).[1]
The policy in this case had been issued in 1986 and, according to the insurer, documents pertaining to the original issuance of the insurance policy had been destroyed under its records retention policy. Thus, the written rejection could not be produced in the lawsuit. Although the document itself could not be produced, the insurer adduced testimony at trial that there had been both written and oral rejections of UM coverage.
Over the insurer’s objection, the jury was instructed that one of the issues for the jury’s determination was whether any oral or written rejection of UM coverage was in compliance with the requirements of section 627.727, Florida Statutes. The court then read the jury a segment of the statute stating that “the coverage required under this section is not applicable when, or to the extent that, an insured named in the policy makes a written rejection of the coverage on behalf of all the insureds under the policy.” Id. § 627.727(1) (emphasis added). We concur with the insurer that this instruction effectively told the jury that the rejection of UM coverage would be ineffective unless in writing. There must be a new trial under proper instructions.
We also note that plaintiff elicited testimony, over objection, that Cabrera had not been given an opportunity to accept or reject UM coverage. Under the statute, the right to accept or reject UM coverage is that of “an insured named in the policy....” Id. § 627.727(1). As Cabrera was not an insured *315 named in the policy,[2] the insurer had no duty to obtain a waiver from Cabrera. The objection should have been sustained.[3]
Reversed and remanded for a new trial.
JORGENSON, J., dissents
SORONDO, J., concurs.

. This court followed Chmieloski in Muhammed v. Allstate Insurance Co., 582 So.2d 768, 769 (Fla. 3d DCA 1991).
It has been suggested by one writer that Mu-hammed is in conflict with an earlier decision of this court, Orion Insurance Co. v. Socias, 513 So.2d 233 (Fla. 3d DCA 1987). See The Florida Bar, Florida Automobile Insurance Law § 4.31, at 4-28 (3d ed.1995). However, the two decisions can be harmonized.
In Orion, the insurance company failed to use the statutorily required waiver form. See 513 So.2d at 234. Under the applicable statute, if the statutorily required "form is signed by a named insured, it will be conclusively presumed that there was an informed, knowing rejection of coverage or election of lower limits.” § 627.727(1), Fla. Stat. (Supp.1984). Although the opinion does not say so, the implication is that the Orion litigation was between the insured and the insurer, and the written waiver form was the only evidence relied on by the insurer to establish a knowing rejection of UM coverage. See 513 So.2d at 234.
In the later Muhammed decision, the court held that even where the written waiver form departs from that which is statutorily required, this "does not preclude a carrier from otherwise demonstrating a knowing rejection of uninsured motorist coverage.” 582 So.2d at 769. In Mu-hammed, in other words, the insurer sought to rely on other evidence of rejection of UM coverage, whereas in Orion the insurer sought to rely on only a nonconforming rejection form.

. Because Cabrera is covered by the policy, although not a named insured, he has standing to raise the question of whether there was a proper rejection of UM coverage. See Travelers Ins. Co. v. Quirk, 583 So.2d 1026, 1028 (Fla.1991). Cabrera is a "class two” insured. See Lumbermens Mut. Cas. Co. v. Martin, 399 So.2d 536, 537 n. 3 (Fla. 3d DCA 1981). See generally The Florida Bar, Florida Automobile Insurance Law § 4.19 (3d ed.1995); Mullis v. State Farm Mutual Auto Ins. Co., 252 So.2d 229, 238 (Fla.1971).

. Likewise impermissible was the plaintiff's suggestion that the insurer should have voluntarily obtained a rejection from Cabrera. Not only would such an action contravene the rights of the named insured to make the UM choice, but it would be unworkable as a practical matter. This was a single policy which covered literally hundreds of truck owners who elected to be covered. There necessarily had to be a single choice — to have UM coverage or not — for the policy, and the named insured had to make the choice.
An issue was also raised about whether the one-month reinstatement of the policy (during which the accident occurred) required a new rejection of UM coverage. It did not. See § 627.727(1), Fla. Stat.